Judge Owsley
delivered the opinion of the court.
This was an action brought by Tucker against Gibbs for the speaking of slanderous words.
The words charged in the declaration are—that in speaking of, and refering to, the evidence which Tucker had given on oath in a suit determined in the Clarke circuit court, Gibbs said, that he (Tucker meaning) had sworn falsely in detailing his testimony.
Gibbs pleaded, 1st. Not guilty—and 2d. That Tucker, in detailing his evidence in the cause determined in the *220 Clarke circuit court, did swear falsely. Issues were taken to the first plea, and the replication of Tucker to the second plea; and a jury being called to try the issues, found a verdict in favor of Tucker. Whereupon, the counsel of Gibbs moved the court for a new trial, on the ground of the verdict being against evidence; but the motion was overruled, and judgment rendered in conformity with the verdict.
Words charging generally that a man swore falsely are not actionable, ali*er, if the words charge him with swearing falsely in a cause depending before a court of competent jurisdiction
If a jury find against a party who has supported his issue, and no opposing testimony a new trial should be awarded.
Hardin for appellant, Wickliffe for appellee.
From that judgment Gibbs appealed.
The errors assigned present two questions—1. The actionability of the words charged in the declaration: and 2, the correctness of the court's refusal to grant a new trial.
With respect to the first question we entertain no doubt, the words are actionable. Although, to charge a person in general terms of having sworn to a lie, or sworn falsely, is admitted not to be actionable, the position is incontrovertably settled, that, for a charge of having sworn falsely in a judicial proceeding before a court of competent jurisdiction, an action may be sustained.
But with respect to the second question, we are of opinion a new trial should have been awarded.
If the trial had been exclusively upon the general issue, as the words laid in the declaration are proven to have been spoken by Tucker, we should not have considered ourselves authorised to overturn the finding of the jury; but upon adverting to the evidence detailed in the bill of exceptions, we are convinced that Gibbs’ plea of justification was fully supported by the evidence introduced by him; and we are unable to perceive any opposing evidence which the jury, in the exercise of their legitimate province, in deciding upon the weight of testimony, can have founded their verdict in favor of Tucker.
The judgment must, therefore, be reversed with cost, the cause to the circuit court, and further proceedings had consistent with this opinion.