CASE 75—PETITION EQUITY—OCTOBER 2.

# Pusey's Trustee, &c., v. Wathen, &c.

### APPEAL FROM HARDIN CIRCUIT COURT.

1. CONTRIBUTION BETWEEN DEVISEES.—Section 6 of chapter 23 of the General Statutes, which gives a devisee the right to contribution from the other devisees in the event the "title" to the property devised to him "shall prove invalid," applies only to specific and not to general devises, and applies only in favor of a devisee who is also an heir of the testator.

2. SAME.—In the division and distribution of a testator's general estate warranty of both title and soundness are implied, and for 'a breach thereof, or for the equitable cause of fraud or mistake, contribution may be enforced between general devisees, independent of statutory enactment.

3. SAME—LIMITATION.—Where, in the distribution of a testator's general estate, bonds allotted to one of the devisees were void, as was afterward adjudged, his right to contribution from the other devisees accrued upon the delivery of the bonds, and limitation runs from that date and not from the subsequent date at which the bonds were adjudged to be invalid, even though the statute be regarded as applying; and his action is barred whether the five or ten years' statute applies, more than ten years having elapsed since the delivery of the bonds.

4. A BREACH OF AN IMPLIED WARRANTY of title to personal property must be regarded as occurring, and cause of action accruing, immediately upon delivery, if in fact the title is then invalid.

5. QUÆRE.—Has the "title" to municipal bonds "proved invalid" within the meaning of section 6 of chapter 23, General Statutes, where the bonds have been declared void?

BYRON BACON, ERNEST MACPHERSON AND GEO. DURELLE, FOR APPELLANTS.

1. Any claim to contribution arising among devisees or heirs must, to be sustained, be founded on some section of chapter 23, General Statutes.

2. Section 6 of chapter 23, General Statutes, by its express language, is applicable only to specific legatees, and hence can give no support to the claim of appellee, Hettie C. Wathen, as she was not a specific legatee of the Daveiss county bonds.

3. Before there can be a recovery under section 6 there must be a failure of title.

The title of Hettie C. Wathen to the bonds received by her is perfect. The fact that they have declined in value does not affect the title.

4. The appellee, Hettie C. Wathen, occupies the position of a purchaser of the bonds, and in the sale of such securities the only implied warranty on the part of the seller is that they belong to him, and that they are not forgeries. (Otis v. Cullom, 92 U. S., 447; Town of Orleans v. Platt, 9 Otto, 676.)

5. To authorize a recovery under section 6 of the statute it must appear from the will that a contribution from the other devisees is consistent with the intention of the testator.

The language of the will in this case conclusively shows that it was not the intention of the testator to guaranty a continuing value to the bonds distributed to his heirs.

6. It was formerly the rule that specific legacies were exempt from contribution, though legacies generally contributed to the payment of the debts of the testator. (Timberlake v. Parish, 5 Dana, 353; Colbert v. Daniel, 32 Ala., 314; White v. Green, 1 Ired. Eq., 45; Stuart v. Carson, 1 Desaus., 500.)

Sections 2 and 5 of chapter 23, Gen. Stats., were intended, as respects the payment of the testator's debts, to place specific and general legacies on the same footing.

7. The judgment of the Hardin Circuit Court, adjudging the bonds to Hettie C. Wathen as three thousand eight hundred and sixty dollars of her share of the testator's estate, is conclusive as to the salable value of the bonds at the time they were paid to her.

8. The plaintiff's cause of action accrued, if ever, when the bonds were distributed, and was barred in five years thereafter.

J. P. HOBSON on same side.

1. The cause of action, if any, accrued upon the delivery of the bonds, and was barred in five years. (Ellis v. Kelso, 19 B. M., 300; Covington v. Morton, 6 Ky. Rep., 253; Kennison v. Carpenter, 9 Bush, 599; Graves v. Leathers, 1 B. M., 195.)

If this be regarded as an action for relief on the ground of fraud or mistake, it was barred after ten years from the delivery of the bonds. (Gen. Stats., chap. 71, art. 3, sec. 6; Phillips v. Shipp, 5 Ky. Rep., 460; Cochran v. Walker, 6 Ky. Rep., 184.)

The statute of limitations should be permitted to have its effect in all cases where its operation will not work evident injustice. (L. & O. R. Co. v. Bridge, 7 B. M., 556; 46 Am. Dec., 528.)

2. Even if the cause of action did not accrue upon the delivery of the bonds it certainly accrued when the maker of the bonds elected to dishonor them and treat them as invalid. (Wood on Limitations, sec. 143; Cowper v. Gadmond, 9 Bing., 788; Merchants' Nat. Bank

of Balt. v. First National Bank of Balt., 3 Fed. Rep.; Ripley v
Wither, 27 Tex., 14.)

3. The holder of void negotiable paper is not required to establish its
spuriousness by a judgment in a suit against the maker in order to
recover of the party who transferred the paper to him. (White v.
Thomas, 3 Litt., 177; 14 Am. Dec., 56; Jordan v. Jordan, 4 Greenly,
175; 16 Am. Dec., 249; Mudd v. Harper, 1 Md., 110; 54 Am. Dec.,
644; Marble v. Hatfield, 2 Johns., 455; 3 Am. Dec., 446; 12 Am·
Dec., 51; Jones v. Ryde, 4 Esp., 89; Eagle Bank v. Smith, 5 Conn.,
71; 13 Am. Dec., 37; Watson v. Cresap, 1 B. M., 195; 36 Am. Dec.,
572; Smith v. McNair, 27 Am. Rep., 117.)

4. As Daveiss county refused to pay interest on the bonds in January,
1877, this put appellees on inquiry to learn what was the matter, and
the statute then began to run. (A., T. & S. F. R. Co. v. Burlington
Township, 36 Kans., 628; 59 Am. Rep., 578; L. & O. R. Co. v.
Bridges, 7 B. M. 556; Dye v. Holland, 4 Bush, 635; New Hope D·
B. Co. v. Perry, 52 Am. Dec., 451.)

No action lies on the original consideration unless the party reason-
ably offers to return the paper or exhausts his remedies upon it with
diligence. (Pope v. Naves, Minor, 299; 12 Am. Dec., 51.

5. At common law a specific devise was not subject to contribution to
meet the debts of the testator, and if, for any cause, a specific devise
was lost, the other devisees were not liable to contribution for any
part of the loss. (Timberlake v. Parrish, 5 Dana, 353; Hoeber's
Appeal, 4 Penn. St., 497.)

Sections 5 and 6 of chapter 23, Gen. Stats., were intended to abolish
all distinction as to liability for debts of the testator between general
and specific devises, and to put all heirs-at-law, whether holding
special or general devises, on an equal footing as to contribution.

Section 6 of the statute can not be construed to refer to general
devises, because, when it was enacted, it had long been a well settled
rule of equity that if in the division of the estate among the general
devisees property not belonging to the estate, or spurious paper was
assigned to one of them, or if, by mistake, one's share was not paid,
or was taken to pay a debt of the testator, the others were liable to
contribution for the loss. (1 Story's Eq., secs. 503–505; McClanahan
v. Kennedy, 1 J. J. Mar., 333; Livingston v. Livingston, 3 Johns.
(Ch.), 148; Brents v. Brown, 3 Head, 560; Cuier v. Kelly, 2 Binn.,
289; Young v. Weldon, 1 Murph., 176.)

Appellees' case can get no support from the statute, because here
the devise is general, and there has been no failure of title.

**JAMES MONTGOMERY** OF COUNSEL ON SAME SIDE.

**FAIRLEIGH & STRAUS** FOR APPELLEES.

1. This action is not grounded upon the implied warranty of title result-

ing from the sale of personal property, nor upon an express warranty. The case is controlled entirely by section 6 of chapter 23, General Statutes, the requirements of which are fully met.

2. By the express terms of the statute the cause of action for contribution, accrues *when the title to the property, or any part thereof, shall prove: invalid.* By the expression "prove invalid" is intended the highest, and only legal proof, viz: the judgment of a court of competent jurisdiction determining the invalidity of the title.

The judgment of 1877 against the "unknown bond-holders" was set aside, and thereafter the rights of all parties stood as though it, had never been made.

JUDGE LEWIS DELIVERED THE OPINION OF THE COURT.

By will probated in the Hardin County Court January, 1874, A. H. Cunningham disposed of his estate in the following manner: Having directed a specified sum paid to his widow, and enough to those of his children who had not received advances to make them equal to those who had, he provided substantially, in clause 8, that the residue of his estate, real, personal and mixed, should go to his five children, to be equally divided among them; and following provisions for an equal division, among the survivors, of the estate of any one or more of his children, all daughters, dying without children, and for guardians and trustees of those then under age, is clause 14, as follows: "I hereby direct and empower my executor herein to pay part or all of any of the legacies herein willed to my said wife or children in bonds, stocks, bank stocks and choses in action; the stocks and bonds to be paid at their salable value at the time of payment."

In succeeding clauses his executor is named and empowered to sell and convey all his real property, except sale of the dwelling-house and lot was not to take place until expiration of five years, during which

period his widow was to have right to occupy it. By a codicil an amount was to be given to her equal to the shares of the several children living at time of final distribution.

It appears that the executor instituted in the Hardin Circuit Court an action in equity for a division of the personal estate, consisting principally of stocks, bonds and notes; and commissioners of court appointed for the purpose having ascertained and reported the salable value of each item, judgment was rendered authorizing the executor to make, and he, in May, 1874, did make, an equal division as provided by the will among the several devisees.

Among other bonds and stocks left by the testator there were ten bonds, each for five hundred dollars, with interest coupons attached, issued by the county of Daveiss, which were, in the division mentioned, allotted to J. D. Allen, then trustee of appellee, Hettie C. Cunningham, and charged to her at three thousand eight hundred and sixty dollars, their salable value, as reported by the commissioners and adjudged by the court.

But it appears that after delivery of the bonds to Allen, trustee, an action was instituted in the Daveiss Circuit Court by A. G. Howard and others, and judgment was rendered therein enjoining the Daveiss County Court levying tax to pay either principal or interest of certain enumerated bonds adjudged to have been issued in excess of the number and amount authorized by law, and, therefore, void, those allotted to Allen, trustee in the division mentioned, being included. Subsequently, however, appellants, Richard

and Hettie C. Wathen, late Cunningham, being then married, were, upon their petition, made parties to that action; and at a retrial it was in 1888 adjudged that her said bonds were valid to the amount of one thousand three hundred and sixty dollars, including the same ratio of coupons attached, but void to the amount of three thousand six hundred and forty dollars, including coupons. Thereupon, in April, 1888, they brought this action against the executor and other children and devisees of A. H. Cunningham, his widow being then dead, asking judgment for contribution by each of them to the extent of one-sixth of amount of difference between the sum at which they were appraised in the division mentioned and their value according to judgment of Daveiss Circuit Court; and judgment having been rendered according to prayer of the petition, defendants prosecute this appeal.

The statutes of both five and ten years' limitation are pleaded in bar of the action; but appellees seem to rely for relief alone upon section 6, chapter, 23, title "Contribution," General Statutes, as follows: "When any real or personal estate shall be devised to any one of the heirs-at-law of the testator, and the title to the same, or any part thereof, shall prove invalid, such devisees shall have contribution from the others, unless it shall appear from the will such was not the intention of the testator."

If their remedy be derived solely from that section, it results that the statute of five years' limitation applies; for section 2, article 3, chapter 71, provides that "an action upon a liability created by statute when no other time is fixed by the statute creating

the liability  *  *  *  shall be commenced within five years next after the cause of action accrued."

When the cause of action in this case accrued, whether at the time the bonds in question were delivered in 1874 or upon rendition of judgment by the Daveiss Circuit Court in 1888, of course depends upon the proper meaning and effect of the words "shall prove invalid." Manifestly, to so construe that phrase as to make actual recovery by judgment of court the only cause of the action authorized by section 6 would result in continuing liability of devisees to contribution for an indefinite period, that might, in many cases, be longer than even fifteen years. It seems to us if such had been the legislative intent, apt and unambiguous words would have been used to express it, especially as invalidity of title of property devised may be sufficiently proved to justify contribution without waiting for commencement of an action to recover it by a stranger. Moreover, though the right to contribution is given by the statute, still it is based upon the theory of an implied warranty of title and undertaking by the other devisees to contribute of what they received enough to restore the losing one to an equal footing. And there is no rule better settled than that a breach of an implied warranty of title to personal property must be regarded as occurring, and cause of action accruing, immediately upon delivery, if, in fact, the title is then invalid. (Scott v. Scott, 2 Mar., 219; Chancellor v. Wiggin, 4 B. M., 202; Tipton v. Triplett, 1 Met., 570.)

It is not clear that title to the bonds in question *has*, in meaning of the statute, proved invalid. On

the contrary, it may be contended, with much plausibility, that the loss has been sustained by appellees, not on account of defect of title, but because they were, in part, worthless and void; but in either case the cause of action accrued upon delivery of the bonds.

We do not, however, deem it necessary to decide that question, because satisfied, for another reason, section 6 does not avail appellees. It was intended to apply alone to specific devises, between which and general devises there is a well-defined distinction, understood and evidently intended by the Legislature to be preserved in respect to contribution on account of invalid titles of property devised, but, as it was deemed necessary to explicitly provide in section 5, not as respects contribution on account of payment of the testator's debts. That section is as follows: "As respects the payment of the testator's debts, there shall be no distinction between specific and general devises, except as herein provided."

The language of section 6 appropriately refers to and describes the devise not of an estate generally, but of a particular part or thing identified and distinguished from all other parts or things of the same kind, the title to which is acquired at death of the testator and in virtue of the will; and such is a specific devise. (Pomeroy's Equity, sec. 1130.) But if it had been the purpose to make that section applicable to general devises, the language would have been: "When * * real or personal estate shall be devised to * * the heirs-at-law of the testator, and the title to * * any part thereof shall prove invalid, * * the one, or those of them to whom such part or parts fall,

shall have contribution," etc. Previous to adoption of the Revised Statutes, when section 6 first became part of the statute law, a specific devisee was not entitled to contribution on account of invalidity of title of the property devised to him; and, as will be seen, he is not now entitled under 'that section, unless he be an heir-at-law of the testator. But general devisees were always, and are now, independent of statutory enactment, both liable and entitled to contribution when title to any part of the estate devised is invalid; for as result of applying the maxim "equality is equity" to a division and distribution of a testator's general estate, warranty of both title and soundness are implied, and for a breach thereof, or for the equitable cause of fraud or mistake, such contribution may be enforced between general devisees.

The bonds in question were not devised to Hettie C. Cunningham, identified and distinguished as particular things or parts of the estate, but were devised generally to the heirs-at-law of the testator, no more to her than to any other one; nor did she acquire title to them in virtue of the will at death of the testator, but by allotment in a division among all the devisees.

In our opinion, whether appellee was entitled to contribution in virtue of the provision of section 6, chapter 23, on account of breach of the implied warranty, or on the ground of mistake, her cause of action accrued upon delivery to her of the bonds, and, as a consequence, recovery is barred by limitation.

Judgment of the lower court must, therefore, be reversed, and cause remanded for further proceedings consistent with this opinion.