CASE 69—PETITION EQUITY—MARCH 27.

## Jones, &c., v. Bigstaff, &c.

APPEAL FROM MONTGOMERY COURT OF COMMON PLEAS.

1. PARTITION.—Where land was divided under order of the county court and the report of division confirmed, each owner taking possession of the share allotted him, although deeds of partition were never executed, the division must be regarded as effective as if a grant had been expressly made by the one owner to the other.

2. IMPLIED WARRANTY—CONTRIBUTION AMONG DEVISEES.—Where one of several joint devisees loses by paramount title a part of the estate devised, he is entitled to contribution from the other devisees, and this implied warranty of title passes to his heir; but it does not pass to one to whom he sells the devised land, and therefore where such a purchaser loses the land by paramount title, he can not look to his vendor's co-devisees for contribution.

3. SAME.—Where the right to contribution exists it includes not only the value of the land recovered but the expenses of the litigation.

4. SAME—LIMITATION.—The right to contribution does not exist until there is an eviction, and limitation does not begin to run until then.

5. SAME.—In this action for contribution, all the devisees not being parties to the action, each defendant is liable only for his part upon the basis that all are solvent and able to contribute.

Z. T. YOUNG AND WM. H. HOLT FOR APPELLANTS.

1. In this country it is the rule in case of a partition by a court, although no deeds be made, that there is an implied warranty of title, and it is not broken until eviction, and limitation does not begin to run until then. (Walker v. Hall, 15 Ohio St., 355; Dugan v. Hollins, 4 Md. Chy., 139; 17 Am. and Eng. Ency. of Law, p. 784, and authorities there cited; Venable, &c., v. Beauchamp, 3 Dana, 321.)

2. There must be restitution to the extent of the failure of consideration. In this case it would be the value of the land at the time of the partition and interest, because in the exchange land of that value was given for it. (Robertson v. Lemon, 2 Bush, 301.)

In addition the party recovers the legal costs in resisting eviction and a reasonable attorney's fee.

STONE & SUDDUTH FOR APPELLEES.

1. Although there was an implied warranty to the original joint tenants in the division, yet that warranty did not run with the land so as to be cast either upon the heir or upon the vendee of the original co-tenant,

James R. Jones. (Venable v. Beauchamp, 3 Dana, 322; 1 Washburne on Real Property, 4th ed., p. 689; Coke on Littleton, vol. 2, top page 363, note 2; Rawle on Covenants for Title, pp. 461, 470, 472, 476.)

2. The implied warranty was broken when the partition was made, because the title to the Tydings' land was defective, and the statute of limitations began to run in April, 1851, and the bar was therefore complete when this suit was brought. (Wood on Limitation, p. 319; Scott v. Scott, 2 A. K. Mar., 219; Payne v. Rodden, 4 Bibb, 304; Pusey's Trustee v. Wathen, 90 Ky., 473.)

JUDGE PRYOR DELIVERED THE OPINION OF THE COURT.

John Jones, a resident of Bath County, died testate in March of the year 1851. He owned a large tract of land, and in the month of November of the same year (1851) a division of this land was made between his children under an order of the Bath County Court. The report of division was confirmed, but no deed of partition was executed by the parties, but each child took possession of his allotment, and the division must be regarded as effective as if a grant had been expressly made by the one to the other.

The testator left five children and two grandchildren, the children of his deceased daughter, Polly Jones. In the partition there was allotted to James R. Jones, one of the children, and who was the father of these appellants, three hundred and sixty-six acres and two roods of land; Nancy Jones, the widow of the testator, got three hundred and five acres as her share; David L. Jones, three hundred and thirty acres; Lydia Boyd, three hundred and one acres; Thomas Jones, three hundred and thirty-five acres; Elizabeth Bridges, three hundred and fifty-four acres, and the children of Polly Jones three hundred and thirty-two acres. James R. Jones, who obtained in the partition three hundred and sixty-six

acres of land, died in the year 1859, leaving children, some of whom are the appellants in this case.

In the tract of land of three hundred and sixty-six acres allotted to James R. Jones, was embraced land that was claimed by the heirs of one Tydings, and in the year 1868 the heirs of Tydings brought an action to recover it, and Daniel R. Jones, the principal appellant here, was a defendant to that action. His father, James R. Jones, had, by a regular conveyance in his lifetime, sold to his son, Daniel R. Jones, one hundred and seventy-five acres of this land, the title to which was in dispute; and Daniel R. obtained fifty acres and a fraction, by inheritance from his father, that was included in the original partition that was also in dispute.

The action instituted by the heirs of Tydings against Daniel R. Jones and others ended in the year 1881 in a recovery by Tydings' heirs of the one hundred and seventy-five acres conveyed him by his father, and of the fifty acres that he had inherited from him and that had been allotted to his father in the original partition between the heirs or devisees of John Jones.

The present action was instituted by Daniel R. Jones and James M. Jones, his brother, to recover, by way of contribution from the original partitioners under the will of John Jones, their proportion of the loss sustained by reason of the recovery of this land by ·Tydings' heirs, James M. Jones having lost in the recovery fifteen acres that had been allotted in the original partition. Their action was dismissed.

The contention of the appellees is: (1) That James R. Jones, the father of the appellants, and one of the original partitioners, by a verbal agreement with the other

devisees under the will of John Jones, agreed to risk the title upon their giving him more land than was allotted the other devisees, knowing at the time the defect in the title. (2) They can not maintain the action because the implied warranty arising from the partition does not run with the land, and operates only as between the original parceners or tenants, that gives the right to a redivision and nothing more. (3) The statute of limitations that began to run as soon as the partition was made and confirmed.

As to the first ground of defense relied on, it is sufficient to say, if otherwise available, it is not sustained by the testimony, the proof conducing to show the land of the appellants' father was of no greater value than that allotted the other devisees, with other testimony showing that while the defect in the title was talked of, it was at the time supposed that the co-devisees, if the land was lost, would be liable to contribute. There is nothing in this defense.

The second and third grounds of defense are questions of more importance, and have not been heretofore decided by this court. Section 6 of chapter 23, General Statutes, provides: "When any real or personal estate shall be devised to any one of the heirs-at-law of the testator, and the title to the same, or any part thereof, shall prove invalid, such devisee shall have contribution from the others, unless it shall appear from the will that such was not the intention of the testator." By reason of this statutory regulation, as well as the rule of equality recognized by courts of chancery, one of these joint devisees losing a part of the estate devised, by a paramount title, would be entitled to contribution from the others, and

the question as to whether an alienee from one of the devisees can recover contribution of the original devisees under this implied warranty of title to his vendor, arising from the partition, must first be determined.

The appellant, Daniel R. Jones, purchased from his father one hundred and seventy-five acres of this land recovered by the Tydings, and obtained his father's deed with a warranty of title. James M. Jones sold his right, he having lost nineteen acres, and his vendees are not before the court.

It is maintained by counsel for the appellants that an implied warranty of title arising by operation of law, or from the statute, upon the making of a partition by the judgment of a court of competent jurisdiction, like an express covenant of warranty, runs with the land, and therefore the alienee of one partitioner or one of the tenants in common, when rightfully evicted, may maintain the action for contribution.

In Venable, &c., v. Beauchamp, reported in 3 Dana, 321, it is said: "To every partition of land the law annexes an implied warranty, whether expressed in the deed or not." Each partitioner becomes the warrantor of the other; but, as said in the case cited, the warranty in such cases is special, not only with regard to the person or persons who may take advantage of it, but also with regard to the amount of recompense.

Under the common law rule there was no such doctrine as that of an implied warranty as between joint tenants and tenants in common, because they could not be compelled to make partition, and when making voluntary partitions there was no reason why they could not contract for themselves and insert express warranties to secure

them against loss by a paramount title; but in case of co-parceners a partition could be compelled, and therefore the implied warranty arose, by operation of law, for the protection of the parceners.

In this State a division could be compelled, although the devisees held as purchasers, and this division was had under an order of court with the jurisdiction to require the division in opposition to the wishes of every one of the devisees. And to what extent this implied warranty goes when the tenancy is severed, whether the parties are co-parceners, joint tenants or tenants in common, is the question.

Does the privity exist between the heirs of one of the tenants, dead, and the surviving tenants, and does it extend further and authorize a recovery by the vendee of one of the tenants after partition and an eviction by a superior title? Where the tenant, whether holding as a co-parcener, joint tenant or in common, dies, his right as against his co-tenants with reference to the joint title to land passes to the heir, either for the purpose of demanding partition or exacting contribution where there has been a partition and an eviction. The privity of estate is not destroyed by the death of one of the tenants whose right and title pass by operation of law to his heirs. Their right to recover, if the ancestor could, is not doubted, but we can not well see how the implied warranty passes to the alienee or vendee.

The conveyance severs the relation and places the parties in a position where neither the co-tenant or his vendee can demand a redivision. The law creating the division provides against loss by the implied warranty, but this extends only to the parties and their heirs and

not to those who become purchasers, after division, from one of the joint holders. He must secure himself by his contract—his covenant of warranty—as an implied warranty runs only in favor of the tenants and their heirs  The remedy, where loss is sustained, is by a re-division or by compensation in value for the actual loss. This would embrace the value of the land and the expenses of the litigation.

In a well-considered case, reported in 8 Humph., 280 (Sawyers v. Cator), Turly, Justice, says: "This implied warranty holds only in privity of estate, and therefore if either parcener aliens in fee and the alienee is evicted, the aliening partner can not enter on the other allotment, because by the alienation she has dismissed herself from having any part of the tenements as parceners by thus severing the connection which previously existed."

That case also establishes the doctrine that an alienee from one tenant may be entered upon by a co-tenant who has sustained loss, for the reason that if such a rule was not recognized it would place it within the power of the parcener to defeat the remedy by making a conveyance of his parcel. That question, however, is not here.

It is well settled that parties to a partition, whether co-parceners, joint tenants or tenants in common, are liable upon an implied warranty of title when loss occurs after partition, and that this implied warranty does not, like an express covenant, run with the land. In this case the appellant, Daniel R. Jones, being a purchaser from his father of one hundred and seventy-five acres of this land, can not recover on the implied warranty created by operation of law, on the division of the land of John Jones between his devisees, the father of the

appellant being one of them; nor can James M. Jones, another appellant, recover, because he has sold his interest. Then, as to the fifty acres and a small fraction inherited by Daniel R. Jones from his father, as that was a part of the allotment to the latter (his father) in the division of the land of John Jones, it follows a recovery may be had. It has been lost by a paramount title, and as an heir of James R. Jones, the appellant, Daniel R. Jones, is entitled to its value at the date of the division.

It is said, however, that the statute of limitations is a bar to the recovery, and this case is said to be analagous to implied warranties in the sale of personalty. We think not. The implied warranty of title as to personalty is broken from the sale and delivery if no title exists; and while in cases of an express warranty, whether as to personalty or realty, the covenant is not broken until there is a recovery in the one case and an eviction in the other by a superior title, still the application of the same rule in regard to the limitations of actions for both realty and personalty is not sustained either by precedent or by any statutory regulation, and if, as the authorities all say, the implied warranty is for the protection of those compelled by law to make division, that protection is needed in cases of the partition of realty when an eviction takes place.

The right to contribution never existed until the recovery by Tydings' heirs on a better title. As to the fifty acres of land, each devisee should contribute his part of the loss; but as all of them are not before the court, only those defendants to the action can be compelled to contribute, and then each only his part, on the basis that all are solvent and able to contribute. They are also

liable for their part of the expenses in the proportion that the fifty acres will bear to the entire number recovered. The case of Sawyers v. Cator, 8 Humph., 280, determines the question of limitation also.

This court has heretofore had the case of Tydings' heirs before it. Their right of recovery was clearly established, and the case made out for the appellant, D. R. Jones, to the extent indicated.

The judgment is affirmed as to James M. Jones and reversed as to Daniel R. Jones, with directions to render a judgment in accordance with this opinion.