# Eck *et al. v.* Tate.

*Bill to Subject Land to the Discharge of Lien.*

(Decided June 13, 1907.  44 South. 384.)

1. *Partition; Lien; Enforcement; Jurisdiction.*—Where a contract lien is reserved by a decree in favor of one of several co-parceners against the lands of others by adjudging that all the lands should be made security for the protection of the title of that portion allotted to one of the heirs, and that in case of a failure of title all the heirs should contribute their equal portion to make good any loss arising therefrom, equity will enforce the lien thus given on lands of the other heirs in favor of the heir whose title has failed; but such heir is entitled to compensation from the others to three-fourths only of the value of the land lost, there being four co-parceners, each of which should share alike in the loss.

2. *Same.*—It is not necessary that the co-parcener whose title has failed should seek to enforce contribution from the other heirs, before proceeding to enforce the contract lien given by the decree on the shares of the others, although such shares may have been sold to a third party.

3. *Same.*—The heir as to whose share title fails having died, her lien under the decree was enforceable by her personal representative.

4. *Same.*—The heir to whose share the title had failed can maintain a bill to enforce the contract lien preserved to her by the partition decree, upon the rendition of a consent judgment against her for her share of the land in favor of one adjudged to have a paramount title thereto.

5. *Same.*—The right to enforce the contract lien reserved by the partition decree did not pass to a grantee of one of the co-parceners of a part of the land to which title failed, and such grantee was not entitled to contribution from the other co-parcener.

APPEAL from Lauderdale Chancery Court.

Heard before Hon. W. H. SIMPSON.

Bill by Eliza Tate, revived in the name of Joseph B. Tate, her personal representative, against Herman Eck and others to enforce a contract lien upon the shares of co-parceners. From a decree for complainants respondents appeal. Affirmed in part and reversed and rendered in part.

Bill by Eliza Tate against the heirs at law of Joseph Hough, deceased, and numerous other persons, into whose hands it is alleged parcels of the land have passed. The bill alleges that at the November term, 1869, of the chancery court of Lauderdale county, a decree was rendered in the case of J. S. Tate, administrator of Joseph Hough, against J. L. McClaren and Nannie McClaren, his wife, and the other heirs at law of Joseph Hough, partitioning certain lands of Joseph Hough, deceased, among the four children, his heirs at law, in which said lands were charged to the distributive shares, respectively, of said heirs at law, and valued at the price set out in the decree made, which is made an exhibit to the bill. The bill describes the land allotted to each of the heirs, and alleges in the seventh section of said bill that among the other things decreed and provided was the following: "As there is some cloud upon the title of the land lying in section 23, known as the 'McVay Tract,' which was allotted to Eliza A. Tate and Mary Hough, and the other heirs at law agreeing that the said Eliza and Mary shall be made secure in their estate, it is ordered, adjudged, and decreed that all the land of said estate be made security for the protection of said title. Each heir shall contribute an equal portion of the amount so paid; and it is further ordered and decreed that if any of the lands partitioned, or given by intestate in his lifetime and allotted to any of said heirs at law, should prove to be not the property of said estate, or any cloud thereon should have to be removed by the payment of any sum

of money, then all of said heirs shall contribute their equal proportion for said purpose, so as to make up any loss susained by said heir by reason of a failure to get a good and perfect title to the lands apportioned to them under this decree." The bill then alleges that the lands allotted to complainant were in said section 23, and were charged to her distributive share in the sum of $5,037.50, and that in the year 1889 the heirs at law of Hugh McVay instituted their action at law to obtain possession of said land, and, although complainant made the most diligent effort to defend the same, at the fall term, 1897, of the circuit court of Lauderdale county the said court rendered judgment against complainant and in favor of the said heirs at law of McVay for an undivided three-fourths interest in said lands. A copy of the judgment is made an exhibit to the bill. It is then alleged that one of the heirs is dead, but that before she died she sold her land to certain parties named in the bill. It is also alleged that Mary Ellen Hough and Nannie McClaren have disposed of their interest in said lands to the parties mentioned in the bill, and the lands owned by each of them are described. It is alleged that complainant is entitled to have three-fourths of said $5,037.50, with interest from March 28, 1889, together with three-fourths of the sum properly expended by her in defense of said suit, and the interest thereon, reimbursed to her. She also claims a lien on all the lands described in sections 4, 5, and 6 of the bill, one-fourth on each tract of said land, and prays that said land be subjected to the discharge of said lien for the payment of said sum of money. The complainant having died, the suit was revived in the name of J. B. Tate as her administrator. Mary A. McGhee, named as a defendant in the bill, filed an answer and cross-bill, alleging that she purchased 81.5 acres from Mary Ellen Hough, and

that her title to said lands had failed for the same reason as alleged in the original bill, and asking that she be subrogated to the right of Mary Ellen Hough, and that lien be fixed on the other lands, that she may be reimbursed for her loss. The other defendants filed demurrers and motion to dismiss to the original and amended bill and to the cross-bill, all of which were overruled, and it is from this decree that this appeal is prosecuted.

EMMETT O'NEILL, for appellants.—The co-parcener evicted can only recover the moiety of what she has lost so that the loss shall be equal.—Freeman on Co-Tenancy, § 533. Contribution cannot be enforced against an alienee of the co-parcener.—30 Am. Dec. 313, and note. Mrs. Tate was not entitled to contribution because she was not evicted by title paramount but only by a consent judgment.—*Chestnutt v. Tyson*, 16 South. 726; Devlin on Deeds, § 937. The partition decree was voluntary and made by agreement, and under it, Mrs. Tate had no right of contribution.—21 A. & E. Ency. of Law, 1195. The covenant does not run with land.—*Jones v. Dickerstaff*, 44 Am. St. Rep. 245. The administrator could not maintain the action, only the heir at law can do so.—*Jones v. Bickerstaff, supra; Sawyers v. Cato*, 47 Am. Dec. 608. The demand was debarred by the statute of twenty years.—*McArthur v. Carrie's Administrator*, 32 Ala. 88; *Clemmons v. Cox*, 23 South. 79; *Wilson v. Holt*, 83 Ala. 140; *Normant v. Eureka Co.*, 98 Ala. 187; *Long v. Parmer*, 81 Ala. 387; *Matthews v. McDade*, 72 Ala. 388; *Garrett v. Garrett*, 69 Ala. 429.

GEORGE P. JONES, and ASHCRAFT & BRADSHAW, for appellee.—The statute of limitations has no application. Until the falling in of the life estate the remainder-man cannot sue, and until he can sue neither the statute of

limitations or the doctrine of prescription begins to run against him.—*Pope v. Pickett*, 65 Ala. 487; s. c. 74 Ala. 122; *McMichael v. Craig*, 105 Ala. 382; *Edwards v. Bender*, 121 Ala. 77. Mrs. Tate had no right to sue until she lost her land.—*Washington v. Norwood*, 128 Ala. 382, and authorities supra. The right to proceed was in the personal representative.—*King v. Seales*, 45 Ala. 415; *Cooper v. Davidson*, 86 Ala. 367. The heirs of Joseph Hough are not necessary parties.—*Wilkins v. Wilkins*, 4 Port. 245; 3 Brick. Dig. 663. Mrs. McGhee could enforce the lien notwithstanding she was an alienee.— *Faulk v. Calloway*, 123 Ala. 325.

ANDERSON, J.—Conceding that the partition heretofore made by the chancery court was by a consent decree, and was therefore a voluntary one, and that no lien was implied by law in favor of the coparceners for a failure or partial failure of title, as would be the case in an involuntary partition, there was a contract lien preserved by the decree in favor of Mrs. Tate and Ellen Hough for their protection, in case of a failure of title to certain lands allotted to them in section 23, and as to which Mrs. Tate was dispossessed to the extent of her part. Mrs. Tate having a lien on the land that was alotted to the other coparceners, and no remedy at law for the enforcement thereof, a court of equity by virtue of its general jurisdiction will enforce it.—*Eslen v. Wheeler*, 98 Ala. 200, 13 South. 473. "In this case contribution is asked, and it seems to us to be the most practicable and just mode of compensating the injured parties, and it seems to us that they are entitled to this against the co-tenants and their assignees, because the partition is made, not by deed, but under the statute, and because the complainants have lost a portion of land allotted to them by paramount title. We do not think

the statute of limitations bars a recovery against any one liable under this opinion to make contribution, because no right to have such contribution accrued to the complainants until they were evicted by paramount title, and sufficient time has not since elapsed to constitute a bar to their recovery."—*Sawyers v. Cator,* 8 Humph. (Tenn.) 280, 47 Am. Dec. 608. It would seem from the weight of authority, and which is in conformity with equity and justice, that Mrs. Tate would not be entitled to compensation for the full value of the land which was lost under a paramount title, but the compensation only for three-fourths the value, which would be three-fourths of three-fourths of the share allotted to her. In other words, in ascertaining the amount due her, the complainant should bear her proportionate share of the loss of what was the common property before the partition.

It is insisted that the bill shows that much of this land has passed into the hands of third persons, and that it should not be charged with the payment of this claim until the complainant has failed to get contribution from the other co-tenants. It is true that the remedy prescribed is termed a bill for contribution; but the doctrine appears to be, as laid down in the well-considered case of *Jones v. Bigstaff,* 25 S. W. 889, 95 Ky. 395, 44 Am. St. Rep. 245, while the right of action does not pass to the assignee and is strictly confined to the injured co-tenant and his heirs, it can be enforced against what was the common property in the hands of the alienee of the other co-tenants. Says the court, in speaking of the case of *Sawyers v. Cator, supra:* "That case also establishes the doctrine that an alienee from one tenant may be entered upon by a co-tenant, who has sustained loss; for the reason that, if such a rule was not recognized, it would place it within the power of the

parcener to defeat the remedy by making a conveyance of his parcel." The purchasers from the other co-tenants were chargeable with notice of the law, and knew that their grantors claimed title under the partition, and in purchasing from them acquired the land subject to all liens or claims fastened to the land as the result of the partition, and the complainant can go upon the land without first seeking a contribution from the co-tenants. The lien, being a contract one, was a charge upon the other land, and upon the death of Mrs. Tate could be enforced by her personal representative.—*King v. Seals*, 45 Ala. 415; *Cooper v. Davison*, 86 Ala. 367, 5 South. 650.

The appellant insists that the exhibit of the judgment shows that it was rendered by consent, and that the bill therefore fails to show such an eviction under a paramount title as would give the complainant the right to maintain the present bill. The rule seems to be that a resistance is not necessary to constitute an eviction. One may yield in good faith to a person having a paramount title. "It has been said that by so yielding possession, or by making no resistance to the entry, the tenant takes upon himself the burden of proving that such entry was under and by virtue of a paramount title."—11 Am. & Eng. Ency. Law, 482, and cases cited. While the bill in the case at bar shows that a consent judgment was rendered for the land, it avers that the plaintiff to the suit had a paramount title which had been so adjudged by the Supreme Court in the injunction case. The statute of limitations could not commence to run until Mrs. Tate was ousted, which could not have occurred until after the death of Mrs. McVay, whose life estate was owned by the ancestor of the parties to the partition suit.

[City of West End v. Eaves.]

Mary A. McGhee, being a mere alienee, was not entitled to any contribution as to that part of section 23 involved in the McVay claim, and her cross-bill was without equity. Of course, she could not be chargeable by way of contribution for so much of the land owned by her as was embraced in the land in said section 23, known as the "McVay tract." The deed made to Mrs. McGhee did not operate to assign any lien of her grantor, and she is remitted to her said grantor for any relief as against the failure of title to the land conveyed her.

The chancellor properly overruled the demurrer and motion to dismiss the original bill, and the decree in this respect is affirmed, but erred in not sustaining the motion to dismiss the cross-bill for want of equity, and the decree in this respect is reversed, and one is here rendered sustaining said motion.

Affirmed in part, and reversed and rendered in part.

TYSON, C. J., and DOWDELL and McCLELLAN, JJ., concur.