## Nunnelly's Guardian, et al. v. Nunnelly, et al.

(Decided March 22, 1918.)

### Appeal from Fayette Circuit Court.

1. Wills—Intention of Testator.—The intention of the testator, as gathered from the entire will, as to when an estate is to vest, is the rule by which to determine when it does vest.

2. Wills—Contingent Remainder.—Where the remainder is not to vest until the termination of the particular estate, and its vesting at all, depends upon the contingency of the remainderman being alive at that time, it is a contingent remainder.

3. Wills—Vested Remainder.—A vested remainder is an estate, which may be inherited, but a contingent remainder, which never vests, because the contingncy never occurs upon which it is to vest, it perishes with the owner.

4. Infants—Sale of Infants' Real Estate—Debt Contracted by Parents or Guardian.—Neither parents nor guardian can secure a judgment for a sale of infant's real estate to pay a debt contracted by them for the education or maintenance of the infant.

5. Infants—Sale of Infants' Real Estate—Education or Maintenance. —A court of equity may, however, when applied to, order a sale of infant's real estate and direct the proceeds to be expended for his education or maintenance, if for the best interests of the infant.

W. C. G. HOBBS for appellants.

J. T. FARMER for appellees.

OPINION OF THE COURT BY JUDGE HURT—Affirming.

This action was instituted by S. P. Nunnelly, as guardian of Coleman Nunnelly, Clifton Nunnelly, and Nancy D. Nunnelly; Nannie D. Nunnelly, the wife of S. P. Nunnelly, and James R. Nunnelly, against Coleman D. Clifton, and Nancy D. Nunnelly, who are infants. S. P. Nunnelly and Nannie D. Nunnelly are the parents of the plaintiff, James R. Nunnelly, and of the infant defendants. In addition to the infant defendants and the plaintiff, James R. Nunnelly, Nannie D. Nunnelly had seven other children, who are now dead. Nannie D. Nunnelly is the owner of a life estate in certain lands, which were devised to her by her father, James A. Darnaby, and by her aunt, Martha Weathers. It seems, that, heretofore, Nannie D. Nunnelly and her husband, S. P. Nunnelly executed a mortgage upon the entire interest of Nannie D. Nunnelly in these lands, and that one or more of her adult children joined in this mortgage. The petition al-

leges, that the mortgage being about to become due, and that the debt, which the mortgage secures was created by Nannie D. Nunnelly and her husband, S. P. Nunnelly, in maintaining and educating their children, that it was necessary in order to prevent the sacrifice of her entire estate, that a portion of the lands, which had been devised to her under the wills, above named, and in which her children owned a remainder interest, should be sold to satisfy the mortgage debt created upon her interest in the property. She, also, claims to be the owner by inheritance of the remainder interests in the lands, which she alleges were owned by her deceased children, as each of them died, never having been married and never having had any children. For the purpose of determining what interest, if any, her deceased children, as well as those living, have in the lands sought to be sold, a construction of the wills of James A. Darnaby and Martha Weathers was sought. The contention of appellants is, that the children of Nannie D. Nunnelly took, under the wills of Darnaby and Martha Weathers, a vested remainder interest in the lands devised and here sought to be sold and that upon the death of any of them without other heirs, their interests, in same were inherited by their father and mother, while the contention of the guardian *ad litem,* for the infants is, that the children of Nannie D. Nunnelly took a defeasible fee in the lands subject to be defeated by their deaths prior to the death of their mother, and the latter view was accepted by the court, which, also, sustained a demurrer to the petition and adjudged that it be dismissed, because the infant children of Nannie D. Nunnelly did not have any interest in the land, which was a subject of sale under a judgment of the court, for the debt sued upon and from this judgment Nannie D. Nunnelly and her husband, in his own right and as guardian for his infant children, and the adult child, who joined as a plaintiff in the petitions, have appealed to this court.

The clause of the will of James A. Darnaby, under which the lands are held, is as follows:

"5th. It is my will and desire that my executrix keep all of my land and manage it as she may see proper or best, and for her to have a good living out of the income during her life, and in the event of her death, then it is my will and desire, that my land be divided equally between my two daughters, Mattie Weathers and Nannie

Nunnelly to have and to hold during their natural lives, and in the event of the death of my daughter, Mattie Weathers, her share of my land shall go to her child or children, and in the event of the death of my daughter, Nannie Nunnelly, then her share of my land shall go to her child or children, and in the event of the death of either of my two daughters above named leaving no child or children, then their share of my land shall go to the other daughter and to her child or children at her death."

It is very clear, that by this clause of his will, the testator intended to create in his wife an estate for her life, and at her death a life estate should be created in Nannie Nunnelly in one-half of the land, and at her death, that, it should pass, in fee, to her children, if she had any such living at that time, and if she left no child or children surviving her, then the portion of the land devised to Nannie Nunnelly for life should go, in fee, to Mattie Weathers, if living, and if not to her children. The clauses of the will of Martha Weathers, under which a portion of the lands in controversy is held, are as follows:

"3. Thirdly, I give to my niece, Nannie Darnaby, the other undevised one-half of said tract of land mentioned in the second clause of this will. . . .

"5. Fifthly, should Nannie Darnaby die without children, it is my will that the property, real and personal, devised to her by this will shall pass to the children of Mattie Weathers. ( . . . . ) and should any of the said children die in their minority, I want their share to pass to the surviving children of said Mattie."

The sixth clause of the will is as follows:

"Should Mattie Weathers die without children, it is my will that her entire interest devised to her by this will shall pass to Nannie, but should she be deceased leaving children, then I want the whole estate to pass to them."

From the above provisions, as well as his entire will, it is clear, the testator intended to devise the lands to his niece, Nannie Nunnelly for her life, and at her death, it should go, in fee, to her children, if she left any surviving her, at that time, and if not the lands should pass, in fee, to such children of Mattie Weathers as should then be surviving. Nannie Nunnelly having outlived her mother, Susan Darnaby, there is no question with regard to her vested right to a life estate in the lands devised to her under the will of James A. Darnaby. It is equally

clear, that the interests of the children of Nannie Nun-
nelly, under the provisions of both the will of James A.
Darnaby and that of Martha Weathers, is neither a
vested remainder nor a defeasible fee, as no interest
vested in them under either will, except in the event they
should be surviving, at the time of the death of Nannie
Nunnelly.  The interest acquired by them, under these
wills, was that of a contingent remainder.  As to whether
the children of Nannie Nunnelly will ever have any in-
terests in the lands is contingent upon their being alive
at the death of their mother.  As to whether they will
or will not survive their mother is dubious and uncertain,
and the further uncertainty exists as to whether one or
more or neither of them may survive their mother.  The
time is fixed in the will at which the remainder interest
may vest in them, and when they shall become capable of
entering into possession, at the death of Nannie Nun-
nelly.  Froman v. Froman, 175 Ky. 540; Jailette v. Bell,
33 R. 159; Whallen v. Keltner, 31 R. 1285; Augustus v.
Seabolt, 3 Met. 156. Williamson v. Magnard, 162 Ky. 726;
Williamson v. Williamson, 18 B. M. 368.  A vested re-
mainder is an inheritable estate, but a contingent remain-
der is lost by the failure of the contingency to occur upon
which the estate depends.  Hence, the children of Nan-
nie Nunnelly, who have heretofore died, the contingency
never having occurred, which was necessary, under the
will, to give them an interest in the land, there was noth-
ing which their parents could inherit from them, as the
entire estate must pass to the surviving children of Nan-
nie D. Nunnelly, if any of them survive at the termina-
tion of the particular estate, which is the life estate of
their mother.  If, at the death of Nannie D. Nunnelly,
she have no children, which survive her, the lands then
pass under the will to the children of Mattie Weathers.

The indebtedness for which the interests of the in-
fants in the real estate is sought to be sold is alleged to
be indebtedness incurred by their parents in their main-
tenance and education.  No application was made to any
chancery court for the purpose of subjecting the interests
of the infants in the lands to a sale for the purpose of
providing funds for their maintenance and education, and
it is now sought to sell their interests, whatever they may
be, in the lands in order to satisfy debts, which the par-
ents have heretofore incurred.  It has been several times
held by this court, that the real estate of an infant can

not be subjected to the payment of a claim for his education or maintenance, nor can the proceeds be so applied, if the land is sold. Cox v. Storts, 14 Bush 502; Dickson v. Hosick, 101 Ky. 231; Fidelity Trust Co. v. Butler, 101 Ky. 231; Kentucky Statutes, sections 2034, 2039. From the two statutes cited, it is apparent, that a guardian can not subject the real estate of his ward for his maintenance or education without first having made application to a court of chancery and received the chancellor's directions so to do.

The judgment of the court below, although based upon a different reason from that assigned herein, but the result being the same, is therefore affirmed.