**Helen WEINDL, Appellant,**

v.

**Arthur F. WEINDL et al., Appellees.**

Court of Appeals of Kentucky.

June 8, 1962.

Henry J. Burt, Jr., Louisville, for appellant.

Norman A. Curtis, Richard M. Trautwein, Louisville, for appellees.

MONTGOMERY, Judge.

This declaratory judgment action was instituted by Helen Weindl, widow of Edward Weindl, against Arthur F. Weindl, the deceased's brother, and his wife to determine title to real estate located at 729–31 East Jefferson Street in Louisville.

Edward Weindl died testate on September 6, 1956. At his death, he owned in fee simple real estate located at 4524 South Sixth Street, 607–9 East Jefferson Street, and 1529–35 Hale Street, and owned jointly with his wife as tenants by the entirety with right of survivorship real estate located at 1420 Madison Street, 1421 Madison Alley, and 729–31 East Jefferson Street.

Edward devised the property on South Sixth Street to his wife. The will recited that she would receive title to the properties on Madison Street and Madison Alley by right of survivorship. The real estate located at 607–9 and 729–31 East Jefferson Street was devised to Arthur. Helen was designated residuary legatee and devisee, with Arthur named in the alternative in the event Helen predeceased Edward. Final settlement of the estate was made on the basis of Helen Weindl's ownership of the real estate in question.

Helen Weindl prosecutes this action in order that she may sell the property at 729–31 East Jefferson Street. The Chancellor adjudged her to be the owner in fee simple of the property under the survivorship deed, but further held that she was indebted to Arthur by way of contribution for the value of the property on the date of Edward's death, which was fixed at $9,000, plus interest. She appeals from the latter part of the judgment.

A tenancy by the entirety with right of survivorship cannot be alienated by the separate act of one cotenant. Hoffmann v. Newell, 249 Ky. 270, 60 S.W.2d 607, 89 A.L.R. 489; 26 Am.Jur., Husband and Wife, Section 82, page 707. The correctness of the ruling that title to the real

estate at 729–31 East Jefferson Street was vested in Helen Weindl is not questioned.

■ The single question for consideration is whether Arthur is entitled to contribution from Helen, the residual legatee and devisee, for the value of the property in question at Edward's death, plus interest.

KRS 394.450 provides:

"When any real or personal estate is devised to any heir at law of the testator, and the title to the estate, or any part thereof, proves invalid, such devisee shall have contribution from the others, unless it appears from the will that such was not the intention of the testator."

This statute is an extension of the common law equitable principle of contribution by general devisees to cover failure of title to specific devisees. Pusey's Trustee v. Wathen, 90 Ky. 473, 14 S.W. 418, 12 Ky.Law Rep. 425. The status of Arthur as an heir at law is not questioned.

Under this statute, contribution has been allowed where superior title was asserted and where a testatrix attempted to devise property in which she had only a life estate. Jones v. Bigstaff, 95 Ky. 395, 25 S.W. 889, 15 Ky.Law Rep. 821; Siler v. Jones, 110 S.W. 255, 33 Ky.Law Rep. 317; and Andrew's Ex'x v. Spruill, 271 Ky. 516, 112 S.W.2d 402. In the instant case, the testator had a one-half interest for life plus the possibility of survivorship, but thought he owned, and attempted to devise, the whole of the title. Such a devise made under a mistaken belief of ownership is the kind of testamentary disposition to which the statutory language and intent refer. The term "failure of title" is not defined in the statute. The failure of a life interest plus survivorship fits this linguistic term as well as does the failure of the life interest in the Spruill case.

The statutory purpose is to carry out the testator's intent by effectuating a propor-

tionately equitable disposition of the estate where an attempted specific devise has failed. In the instant case, the testator's intent was that Arthur F. Weindl should take the title of the property at 729–31 East Jefferson Street in fee simple, as was illustrated by his statement in the will that his wife would have title to the properties on Madison Street and Madison Alley by right of survivorship. Thus, the testator's intent and an equitable result will be effectuated by requiring Helen Weindl to make contribution to Arthur for the failure of title to the property at 729–31 East Jefferson Street.

Appellant argues that a devise of a contingent interest fails if the contingency has not occurred before the testator's death. Lepps v. Lee, 92 Ky. 16, 17 S.W. 146, 13 Ky.Law Rep. 317; Nunnelly's Guardian v. Nunnelly, 180 Ky. 131, 201 S.W. 976. These cases are not pertinent since no question of contribution was presented. Appellant further contends that the testator is presumed to have intended to devise only such interests as he possessed. Page on Wills, Bowe-Parker Revision, Volume 1, Section 16.2, pp. 750 et seq. However, the statute here reverses this presumption in the case of a specific devise by requiring contribution unless a contrary intention appears from the will.

Since the testator's intention was that Arthur F. Weindl take the whole of the real estate at 729–31 East Jefferson Street in fee simple, the Chancellor properly fixed the amount of contribution as the value of this property at the time of the testator's death. The evidence was conflicting on the issue of value. The value fixed was within the range of values testified to and was justified under the proof. KRS 412.-060 provides that in all cases of contribution, interest shall be allowed from the time the right accrues. Interest was properly allowable from the date of the testator's death.

Judgment affirmed.