## Hoffmann v. Newell et al.

(Decided Dec. 16, 1932.)

C. T. BAKER and BARBOUR & BASSMANN for appellant.
EDWARD HAWKINS, LEVI SHEPLER, JOHN W. HEUVER, ODIS BERTELSMAN and LOUIS ARNOLD for appellees.

OPINION OF THE COURT BY JUDGE PERRY—Affirming in part and reversing in part.

This is an appeal from a judgment given in an action instituted by the appellant, R. A. Hoffmann, in the Campbell circuit court, seeking to subject whatever interest the defendant William H. Newell might be adjudged to have in a residence situated in the Highland Place subdivision of the city of Ft. Thomas, Ky., and held by himself and wife, as tenants by the entirety.

By the allegations of the petition, it appeared that the plaintiff, R. A. Hoffmann, had recovered on December 22, 1930, by a previous action, a judgment against the defendant William H. Newell for $14,739.88 and costs, and upon which plaintiff had an execution levied, which was returned indorsed by sheriff as executed by levying upon all the right, title, and interest of the defendant William H. Newell in said property.

By the petition, it further appeared that said defendant William H. Newell and wife, Mary E. Newell, had, in June, 1927, executed and delivered their mortgage on this real estate to the defendant Ft. Thomas Building & Loan Association, for the sum of $10,000,

and that it was further incumbered for four years' back taxes thereon, due the city of Ft. Thomas and amounting to $782.35, and state and county taxes amounting to $85. Said lienholders, as was also Mary E. Newell, the wife, were made parties defendant and plaintiff asked that they be required to set up their liens and prayed judgment against the defendant William H. Newell for said sum of $14,739.88 and for a sale of said real estate to pay his debt, interest, and costs of sale and the application of the proceeds of the sale to the satisfaction of said sums and for costs and for all other general and equitable relief.

Mary E. Newell, defendant and wife of William H. Newell, filed her answer and counterclaim and also a petition for declaration of rights, whereby, making substantially the same claims in each, she pleaded that title to the real estate was in herself and husband as tenants by the entirety, with the right of survivorship under and by virtue of the deed under which they took title to the property, which provided, "to have and to hold the same unto said William H. Newell and Mary E. Newell, his wife, with the right of survivorship, his or her heirs and assigns forever"; that by reason of such conveyance of the property to them, they took and held the same as tenants by the entirety thereof, with the result that the property was not subject to sale for the debts of either of them; that by reason of the estate held by them thereunder as tenants by the entirety, she was entitled to all the rents, issues, and profits of the whole of said property against all persons whomsoever except her husband; and that she had the right and power, with the consent of her husband, to sell the whole of said property, and, upon said sale, to have the use or possession of the whole of the proceeds of sale against all persons whatsoever except her husband, and that she had the right to contract with the lienholders for an extension of time for payment.

Further, she alleged, that after the purchase of the property, her husband, the defendant William H. Newell, had, without her consent, engaged in certain stock transactions with the plaintiff, by reason of which plaintiff had obtained said judgment against him, and that, if plaintiff's petition were granted, it would deprive her of the right to the possession of the whole of said property, of the right to the possession and use of the

proceeds of any sale of it, of the right to pay the mortgage and delinquent taxes or other liens against it and have such payments enure solely to the benefit of herself and husband, of the right, with the consent of her husband, to sell said property for the purpose of paying said mortgage and tax lien debts and for possession and use of the balance of said proceeds or to sell the property and have the possession and use of the whole of said proceeds, and that the plaintiff was casting a cloud upon her title and asked for a declaration of rights as a tenant by its entirety in the property.

Issues being joined and evidence taken thereon by the parties to maintain same, the matter was submitted to the court upon the pleadings, exhibits, and evidence, upon which the court adjudged that ''the interest of defendant, W. H. Newell, in said real estate is not subject to sale at the present time but that the plaintiff has a lien on whatever it might be, and this case is retained on the docket until such time as said interest is definitely determined, subject to the rights of the defendant, Mary E. Newell'' adjudged upon her answer, counterclaim, and petition for a declaration of rights to be: (1) That the plaintiff has not a present right to have a sale of the interest of the defendant William H. Newell; (2) that the plaintiff has no right to call upon the defendants the Ft. Thomas Building & Loan Association and the city of Ft. Thomas, to enforce their liens; (3) that until the sale of said property the said defendant Mary E. Newell has a right to the possession, and all the rents, issues, and profits of the whole of said property, subject to the rights of said defendant William H. Newell as her husband and cotenant, by the entirety; and (4) that said defendant Mary E. Newell, with the consent of her said husband, the defendant William H. Newell, may sell and convey said real estate and vest the purchaser with a good title, free from any and all claims of the plaintiff or any other creditor of her said husband.

To so much of said judgment as gives the plaintiff a lien on the interest of the defendant William H. Newell, and a right of sale of said interest upon a definite determination of same, the defendants W. H. Newell and Mary E. Newell objected and excepted and prayed an appeal, which was granted. The plaintiff, R. A. Hoffmann, objected and excepted to the whole of said

judgment and prayed an appeal, which was also granted.

Upon his appeal thus prosecuted, the appellant, R. A. Hoffmann, plaintiff below, contends (1) that he was entitled to an immediate sale of the interest of William H. Newell in and to said property; (2) that William H. Newell had an undivided one-half interest in said property during the joint lives of himself and wife, with a contingent remainder in all of said property; and (3) that in any event, William H. Newell had a contingent remainder in said property and that same was subject to immediate sale.

For the proper solution and determination of these questions presented upon this appeal for our review, it becomes necessary for us to consider just what is the nature and peculiar characteristics of an estate held by the entirety, such as here held by the appellees William H. Newell and wife, Mary E. Newell, under the conveyance of this Ft. Thomas property in question, made to them as husband and wife with right of survivorship thereto.

Appellant, as judgment creditor of William H. Newell, seeks to subject and sell the interest of William H. Newell in this property, held jointly by himself and wife as tenants by the entirety thereof.

One of the distinguishing incidents of this venerable estate is that which exempts it from the ordinary processes to which all other estates are subject. A tenancy by the entirety fundamentally rests on the legal unity of the husband and wife. "It is founded on the common-law doctrine of the unity of husband and wife as constituting in law but one person. A conveyance to a husband and wife as tenants by the entirety creates one indivisible estate in them both and in the survivor, which neither can destroy by any separate act. Both husband and wife are seised of such an estate per tout et non per my as one person, and not as joint tenants or tenants in common. Alienation by either the husband or the wife will not defeat the right of the survivor to the entire estate on the death of the other. There can be no severance of such estate by the act of either alone without the assent of the other, and no partition during their joint lives, and the survivor becomes seised as sole owner of the whole estate regardless of

anything the other may have done. The tenancy by the entirety is essentially a joint tenancy modified by the common-law theory of the unity of husband and wife. They do not take by moieties but by entireties.'' Michalina Bernatavicius v. Raphael Bernatavicius, 259 Mass. 486, 156 N. E. 685, 686, 52 A. L. R. 886.

In 13 R. C. L., sec. 136, p. 1116, it is said:

''At common law it was well settled that an estate held by the entireties could not be partitioned. The rule is based on the principle that husband and wife are one person in law, and cannot take the estate, in parts or shares, like joint tenants or tenants in common, but each may take the whole, or in the ancient phrase, they are seised not per my et per tout, but per tout only.''

Again, section 137, p. 1118, in said volume states that:

''The right of survivorship is an incident at common law to estates by the entireties, so that on the death of one of the spouses the other takes the entire estate. * * * There is a distinction between the nature of the survivor's interest in case of an estate by entireties and in an estate in ordinary joint tenancy. In case of an estate by entireties the survivor is vested with the title to the whole estate not because any new or further interest becomes vested on the death of his cotenant, but because the original conveyance vested each grantee with the entirety; on the other hand, the surviving joint tenant takes something by way of accretion or addition to his interest, gains something he previously had not, the undivided moiety which belonged to the deceased. The survivor of husband and wife has no increase of estate or interest by the decease, having before the entirety been previously seised of the whole. Beddingfield v. Estill, 118 Tenn. 39, 100 S. W. 108, 11 Ann. Cas. 904, 9 L. R. A. (N. S.) 640.''

Further, by section 139, p. 1121, it is stated that: ''A tenancy by entireties cannot be severed by the act of either the husband or wife. Thus in case of a joint tenancy either of the owners may at his pleasure dispose of his share and convey it to a

stranger, who will hold undivided and in common with the other owner or owners; not so, however, with tenants by entireties, neither of them can separately dispose of or convey any part so as to work a severance of the estate.''

These same principles of law or peculiar characteristics adhering to an estate of tenancy by the entireties have been fully recognized and often declared in the decisions of this court where they were involved.

In the case of Elliott v. Nichols, 67 Ky. (4 Bush) 502, the court said:

"Husband and wife, for most purposes, having but one united legal existence, conveyances to them by the common law, which remained in force in this State until our revision of 1850, created a peculiar estate, in which both held the entire title; consequently the death of either conferred no new estate or title on the other, but only destroyed the possibility of decedent's survivorship, in which case that one would have remained the sole owner.

"By the common law, joint tenants could destroy the right of survivorship by the sale of their respective portions, or by compelling, which they could do, partition; whilst this peculiar tenancy of husband and wife could not be destroyed by the sale of either, nor could partition be compelled by any means known to the law.''

Such being the nature and character of an estate or tenancy by the entirety as so existing and defined at common law, the inquiry next arises as to whether modern innovations upon the common law respecting the property rights of married women, or modern statutes designed to ameliorate the common-law rights of married women, by rendering more flexible and individual the property rights of husband and wife, have served to affect this ancient tenancy, rendering it out of harmony with present conditions and as one having outlived the purpose of its creation.

The status of the husband was at common law such that, when land was conveyed to his wife and him, the same was held by them, as tenants by the entirety with right of survivorship, without the words ''of survivorship'' being expressly employed in the grant to them;

yet, while the conveyance was thus held to be one made jointly to them by the entirety, by reason of their legal unity of person, that person was, by nature of his status as husband, the husband, with the result that, by virtue of this status—jure uxoris—or as an incident thereof, he was entitled during their joint lives to the full control and dominion over this one and indivisible estate, or to its rents, uses, and profits. He could, during their joint lives, sell and deliver possession thereof to the purchaser, to the exclusion of the wife's possession, and his deed operated to convey the entire title in the property in the event he survived his wife. This right or interest of the husband in the property, adhering as a right or incident to his common-law status as husband, could also be subjected by his creditors.

However, this power and right of domination and control employed by the husband as his common-law right, being one so harsh and unjust to the wife, whose person and property rights were all thereby thus merged and lost by her through the then unity of person theory of marriage, was sought to be ameliorated by successive legislative acts. In 1846 (Acts 1845-1846, p. 42), the Legislature passed an act providing that the lands of the wife, owned before or acquired by her during marriage, should not be subject to the debts of the husband or be levied on for any of his debts created before or after marriage. Later, in 1852, it further provided by chapter 47 of the Revised Statutes that "marriage shall give to the husband, during the life of the wife, no estate or interest in her real estate," etc. (article 2, sec. 1) owned by her at the time of or during marriage and that neither such real estate nor the husband's contingent right of curtesy or life estate therein, nor his right to the use of the rents or hire thereof, could be sold or otherwise subjected to the debts of the husband during their joint lives.

These two acts of remedial legislation served to protect the wife's property rights in lands jointly held by herself and husband, both by way of preventing his common-law interest in such jointly owned property from being equitably subjected to the payment of his debts and the husband's selling and converting it, subject to its defeat if the wife outlived the husband.

Again did our Legislature in 1894 (chapter 76), by what is known as the "Weisinger Act," further extend

and amplify its previously enacted remedial laws enacted in the wife's behalf, which provides:

> "Marriage shall give to the husband, during the life of the wife, no estate or interest in the wife's property, real or personal, owned at the time or acquired after the marriage. During the existence of the marriage relation the wife shall hold and own all her estate to her separate and exclusive use, and free from the debts, liabilities or control of her husband. No part of a married woman's estate shall be subjected to the payment or satisfaction of any liability, upon a contract made after marriage, to answer for the debt, default or misdoing of another, including her husband, unless such estate shall have been set apart for that purpose by deed of mortgage or other conveyance; but her estate shall be liable for her debts and responsibilities contracted or incurred before marriage, and for such contracted after marriage, except as in this act provided." Section 2127, Carroll's Kentucky Statutes, 1930 Edition.

Also, this common-law rule of survivorship, regarded as hostile to the policy of this state, applying in such cases, was, even as early as 1796, abolished by statute and also later changed by chapter 47 of the Revised Statutes (act of 1852), abolishing joint tenancy with its doctrine of survivorship, favored by the common law in such cases of conveyances to husband and wife by reason of this very right of survivorship, so that this law is now expressed in section 2143, and, in substantially the same form as enacted in 1852, provides:

> "If real estate be conveyed or devised to husband and wife, unless a right by survivorship is expressly provided for, there shall be no mutual right to the entirety by survivorship between them, but they shall take as tenants in common, and the respective moieties be subject to the respective rights of the husband or wife as herein fixed, with all other incidents to such tenancy." Carroll's Kentucky Statutes, 1930 Edition.

The Legislature has thus expressly stated that tenancies by the entirety remain with us, where such tenancy is expressly provided for by the deed of convey-

ance in which case the husband and wife shall hold by the entirety with right of survivorship and resulting incidents of such tenure, rather than as tenants in common, as generally thereby provided for, in abolishing joint tenancy.

The effect on estates by entirety of these statutes and like laws enacted in the different states, which gave to married women the right to the possession and enjoyment of their property, has become a matter of considerable conflict among the courts.

The question thus here presented is whether or not the interest of either tenant by the entirety can be subjected to the payment of the debts of the other, or to what extent, if any, is a judgment against one of ·them for his or her personal debt, a lien against his or her interest as tenant by the entirety.

By the answers to this inquiry, found in the decisions of the state having passed definitely and directly on it there are present two main theories, which are: (a) That a creditor of the husband may subject his interest in the estate, and the husband and wife will be treated as tenants in common, subject to the right of survivorship; (b) that the logical results of such an estate must follow, and that the creditor of the husband, or the wife, as the case may be, cannot subject the property in any manner whatsoever.

These two rules, based it would appear upon rather conflicting views as to the present status of this venerable tenancy by the entirety, as today existing and as modified by these later numerous legislative enactments considered as affecting and altering the relationship and status of tenants holding under such tenancy, are stated in 30 Corpus Juris, p. 572, sec. 106, as follows:

"Rights and Remedies of Creditors. In some jurisdictions, it is a rule that the interest of the husband in an estate in entirety during coverture may be reached by his creditors on execution; and the purchaser at the execution sale takes subject to the wife's right of survivorship and to her right of possession where that right is conferred or protected either expressly or impliedly by statute. But the weight of authority is to the effect that, where real property is held as an estate in entirety, the

280

interest of neither spouse is liable. for the debts of
the other; a conveyance by the husband and wife
jointly passes title to the property clear of any
claim of creditors of the husband; a judgment
against one spouse alone is not during the joint
lives of the tenants of the estate a lien on the land,
and during coverture there can be no sale of any
part on execution against either. The latter rule
is especially applicable where by virtue of statute
the husband does not have the exclusive right to
the possesion, rents or profits, and hence neither
spouse has any separate estate or interest. A stat-
ute providing that the separate property of a mar-
ried woman, and the rents, income and profits of
her real property, shall not be liable or subject to
attachment or levy of execution, for the debts of
the husband, is applicable to property held by her
as a tenant by the entirety.''

This question we do not find has ever been directly
decided by this court, though we are of the opinion that
the rule and reasons therefor as given as the majority
rule, in the text citation supra, or the one there stated
to be supported by the weight of authority, is more in
harmony and conformity with both our decisions enun-
ciating the nature and characteristics of this tenancy
by the entirety, as modified by our legislative enact-
ments affecting and applicable to the relations and
rights of the parties holding interest thereunder. This
matter was brought to the attention of this court in the
case of Cochran and Fulton v. Kerney and Wife, 72 Ky.
(9 Bush) 199. There the court said:

"The adoption of the act of February 23, 1846
[Acts 1845-6, p. 42], deprived creditors of a hus-
band of the right to subject to the payment of their
debts an estate of this character in such manner as
to deprive him of the possession during the life of
his wife, because she as well as he owns and holds
a present vested interest in it, and to dispossess
the husband for the benefit of his creditors would
in effect be to apply the wife's present interest in
the land to the payment of his debts. By the stat-
ute cited it was provided expressly that the lands
of the wife should not be subject to the debts of the
husband; and this court, in the case of Moore v.
Moore [14 B. Mon. 259], held that since its passage

the husband has no interest in the wife's land liable for his debts.

"The conveyance to Kerney and wife was made subsequent to the enactment of this law, and Mrs. Kerney is entitled to its benefits. We conclude therefore that Kerney can not by any act of his prejudice Mrs. Kerney's right of survivorship, and that his creditors have no power to deprive her of the enjoyment of the land while it remains undetermined whether she or her husband will ultimately become the sole owner of the fee; but it by no means follows that the interest of the husband may not be sold by a court of equity, and the proceeds applied to the payment of the husband's debts, provided it be so done as neither to affect Mrs. Kerney's right of survivorship, nor her right to the enjoyment of the realty during her life, whether she survive her husband or not. * * *

"The restrictions placed upon the husband's marital rights by the statute of 1846, which were increased rather than modified by the provisions of the Revised Statutes, we are inclined to think, so fettered the husband's estate in the land held by himself and wife as tenants by entirety as to exempt it from seizure and sale under execution; but there can be no sufficient reason why it may not be subjected to the payment of his debts by the judgment of a court of equity. The wife, being a party to a proceeding for that purpose, as she is in this case, can assert her claim, and the judgment can be so framed that the sale of the husband's interest will neither affect her right of survivorship nor deprive her of the enjoyment of the lands so long as she may live.

"To refuse creditors this relief will be to determine that a debtor can hold a present vested interest in land, subject only to be defeated by his wife surviving him, which interest his creditors can reach neither at law nor in a court of equity."

Also, in the case of City of Louisville v. Coleburne, 108 Ky. 420, 56 S. W. 681, 682, 22 Ky. Law Rep. 64, where appellee sued for damage done property then held by herself and husband (now deceased) as tenants by the entirety under a deed which showed that the

property was conveyed to "Victor P. Wilson and Mary F. Wilson, his wife (appellee), for and during their natural lives, with remainder in fee unto their child or children, * * *" the court said:

"But it has been held in a number of cases that the destruction of joint tenancies by this statute did not apply to conveyances to husband and wife, which, in legal construction, by reason of the unity of husband and wife, are not strictly joint tenancies, but conveyances to one person; that they could not take by moieties, but both were seised of the entirety, and the survivor took the whole.

"In the case of Rogers v. Grider, 1 Dana, 242, Judge Nicholas, illustrating the difference between the character of the estates, says: 'The distinction is not merely ideal and arbitrary, but is founded in a substantial difference. One of the incidents of a joint tenancy was the right of each of the joint tenants to alienate his interest, thereby sever the joint tenancy, and render his co-tenant tenant in common with the alienee, whereas it is agreed by all of the authorities that neither husband nor wife can, by the common law, make any alienation of an estate conveyed to them during coverture, so as to affect the entire right of the other, on his or her surviving. The unity of person subsisting between man and wife, in legal contemplation, prevents their receiving separate interests in an estate conveyed to them during coverture.' And this doctrine was fully recognized in Croan v. Joyce, 3 Bush, 454, and Elliott v. Nichols, 4 Bush, 502; but the Revised Statutes adopted in the year 1850, subsequent to these adjudications, provide 'that if real estate be conveyed or devised to husband and wife, unless a right by survivorship is expressly provided for, there shall be no mutual right to the entirety by survivorship between them, but they shall take as tenants in common, and the respective moieties be subject to the respective rights of husband and wife as herein fixed with all other incidents to such tenancy.' And the effect of this statute is to place conveyances to husband and wife upon the same footing as similar conveyances to other parties, unless a right of survivorship is expressly provided for in the conveyance itself. We are of the

opinion that the deed under which appellee holds comes within the exception provided by the statute, and secures to her a right by survivorship to the entire property during her natural life, as the conveyance is to Victor P. and Mary F. Wilson for and during their natural lives, with remainder in fee unto their child or children, if any there be left at the time of their death, of the said parties of the second part; and plaintiff has the right to maintain this action in her own name for the entire injury complained of, whether the injury complained of occurred during the lifetime of her first husband, or after his death. Her interest under this deed is a sole, and not a joint, tenancy. Victor P. Wilson could not in his lifetime have disposed of his interest so as to sever the tenancy and compelled a partition of the property. The right to enjoy the whole estate was an entirety belonging to each of them.''

Again, in Beihl v. Martin, 236 Pa. 519, 84 A. 953, 956, 42 L. R. A. (N. S.) 555, the court said:

''The rights of the parties are fixed by the deed of conveyance to them, and by that instrument each took an entirety made up of indivisible parts. Any alienation by one, the other not consenting, of any interest whatever in the estate, if allowed, would be an abridgment pro tanto of the rights of the other. * * * Now, stating it broadly, but correctly, nothing can be taken in execution and sold as the property of a debtor, except property over which the debtor has the right of disposition by sale or otherwise. If, then, the husband cannot sell or dispose of his expectancy of survivorship, it follows that it may not be taken in execution. * * *

''Another unavoidable conclusion results, which must prove fatal to the appellant's contention here. If the husband may not alien his right of expectancy, and if because of this the expectancy may not be taken in execution—since in either case it would be an appropriation of the wife's right of property, in that it would deprive her of the right to sell with the husband's consent—for equal reason a judgment operating as a lien upon the husband's expectancy would be an interference with the wife's right of alienation with the consent of

the husband, except as that lien is divested by such sale. The owner of such lien must hold it subject to its possible extinction in either of two events, the predecease of the husband, or the alienation of the estate by the joint act of the parties. The efficiency of the lien depends upon the nonhappening of either.''

However, while we are not indifferent to the result that follows upon holding that the contingent interest or expectancy of the tenant by entirety is subject to lien and sale for the satisfaction of the judgment debt against him, and that such holding is to some extent a departure from the true theory of the indivisibility of the entirety of title held by the husband and wife and subject to the criticism that in so doing the wife's right of freedom from injury to any interest so held by her as an incident and characteristic of her tenancy by the entirety is impaired it must, we conclude, yet suffer such impairment by reason of legislative enactment applicable thereto, as exists under the provisions of section 1681, Kentucky Statutes (1930 Edition), which is as follows:

''Land to which the defendant has a legal or equitable title, in fee, for life, or for a term, whether in possession, reversion or remainder, or in which the defendant has a contingent interest or a contingent remainder or a defeasible fee, may be taken and sold under execution.''

Since this right of the husband, William H. Newell, to succeed to the entirety of title in the property now so held by himself and wife, upon the contingency of his surviving her, is for such reason a contingent interest he holds in this estate, it must follow, under the provisions of the quoted section of the statute, that such interest may be taken and sold under execution; that appellant was properly adjudged a lien upon the appellees' expectant interest by survivorship in the property in question, but that the court erred in holding that appellant should be without right to present sale or enforcement of the lien adjudged him thereon, but must await the determination of the right to the entirety to the property, dependent upon who of the appellees should prove the survivor, and, further, in holding that the lien adjudged appellant was subject to further defeasance, by their later action in jointly selling the

property, held by them by entirety, to another, free from the lien adjudged appellant upon the husband's expectant interest therein. We are of the opinion that, as the statute declares this contingent interest of the husband to be subject to sale for the judgment creditor's debt, he takes the interest acquired upon its sale, subject only to the defeasance its very contingent nature demands, its destruction through the wife's survivorship of his judgment debtor.

The judgment of the lower court is affirmed in respect to its holding that during the joint lives of the appellees, the wife has a right to the possession, and all the rents, issues, and profits of the whole of said property, subject to the right of William H. Newell, as her husband and cotenant by the entirety, and in further adjudging that plaintiff has no right to call upon the defendant lienholders, the Ft. Thomas Building & Loan Association, and the city of Ft. Thomas, to enforce their liens.

Wherefore, for the reasons indicated, the judgment is reversed in part and affirmed in part, and cause remanded with directions that judgment be entered conformably with this opinion.