**Grace HAYES, Plaintiff-Appellant,**

v.

**Portia F. SCHAEFER, Trustee in Bankruptcy, Defendant-Appellee.**

No. 18183.

United States Court of Appeals
Sixth Circuit.

Aug. 16, 1968.

Arthur L. Brooks, Jr., Lexington, Ky., for appellant; Meade & Brooks, Lexington, Ky., on brief.

John Swinford, Cynthiana, Ky., for appellee.

Before WEICK, Chief Judge, CELEBREZZE, Circuit Judge, and CECIL, Senior Circuit Judge.

WEICK, Chief Judge.

This appeal is from an order of the Referee in Bankruptcy which denied the bankrupt one-half of the proceeds of sale of a farm in Kentucky, title to which, on the date of bankruptcy, was vested in the bankrupt and her husband jointly, with right of survivorship.

The bankrupt's schedules listed the property as follows:

"Deed to Joe E. Hayes & Grace Hayes, dated February 27, 1953, equally; and jointly, or to the survivor of either * * *"

The bankrupt estimated the value of her interest at $100.00.

At the time of the filing of the petition in bankruptcy, her husband was living but he died about eight months later leaving all of his property to his wife by will.

Subsequent to the death of the husband, the trustee in bankruptcy of the wife filed a petition in the Bankruptcy Court for an order of sale of the farm which was granted.

The farm was sold by the trustee in bankruptcy for $29,443.92. The bankrupt filed a petition claiming that one-half of the net proceeds of sale should be distributed to her, which petition was denied by the referee. Her petition for review was dismissed by the District Judge.

The trustee in bankruptcy contends that review of the Referee's order of distribution by the District Court was precluded because of failure of the bankrupt to file her petition for review within ten (10) days after the date of the order of sale. 11 U.S.C. § 67(c). The order of sale made no provision for the distribution of the proceeds of sale. The petition to review the order of distribution was timely filed.

In any event, the District Judge did review the Referee's order and determined the issues on the merits.

The remaining question is whether the bankrupt is entitled to one-half of the proceeds of sale. The answer to this question depends on whether the survivorship interest of the wife was subject to levy of execution and sale on the date of bankruptcy.

Section 70(a) (5) of the Bankruptcy Act, 11 U.S.C. § 110(a) (5), vests in the trustee in bankruptcy by operation of law the title of the bankrupt to:

"* * * property, including rights of action, which prior to the filing of the petition he could by any means have transferred or which might have been levied upon and sold under judicial process against him, or otherwise seized, impounded, or sequestered * * *"

State law applied in determining whether the property is transferable or is subject to levy of execution and sale. Segal v. Rochelle, 382 U.S. 375 footnote 6 at page 381, 86 S.Ct. 511, 15 L.Ed.2d 428 (1966); Eaton v. Boston Safe Deposit & Trust Co., 240 U.S. 427, 36 S.Ct. 391, 60 L.Ed. 723 (1916); Horton v. Moore, 110 F.2d 189 (6th Cir. 1940).

KRS 426.190 provides:

"Land to which the defendant has a legal or equitable title in fee, for life or for a term, whether in possession, reversion or remainder, or in which the defendant has a contingent interest or a contingent remainder or a defeasible fee, may be taken and sold under execution."

Interpreting the predecessor of this statute, Kentucky's highest court held in Hoffmann v. Newell, 249 Ky. 270, 60 S. W.2d 607, 89 A.L.R. 489 (1932), that the section required that the contingent interest of the husband be subject to levy and sale, with the buyer of the husband's interest (right of survivorship) taking the interest subject only to the possibility that the wife would outlive the husband, in which case the buyer would take nothing; also holding that the contingent interest of a tenancy by the entireties may be levied upon and sold is In re Brown, 60 F.2d 269 (W.D. Ky.1932).

Appellant contends that she did not get title to her husband's interest in the land until his death which was more than six months after bankruptcy and hence it was not an asset of the bankrupt's estate under Section 70(a) of the Bankruptcy Act.

In Kentucky, where a tenancy by the entireties exists, it creates an indivisible estate in both husband and wife which neither can destroy by a separate act, Alford v. Rodgers, 262 S.W.2d 676 (Ky.1953). Alienation by either will not defeat the rights of the survivor, and the estate may not be severed by either without the assent of the other, Weindl v. Weindl, 359 S.W.2d 333 (Ky.1962); Hoffmann v. Newell, supra.

■■ The death of a co-tenant does not increase the interest of the other tenant since from the time the tenancy was created both tenants were seized of the whole. Hoffmann v. Newell, supra; the surviving tenant of a tenancy by the entireties does not inherit from the co-tenant, but rather the surviving spouse takes by virtue of the deed, Petty v. Petty, 220 Ky. 569, 295 S.W. 863 (1927); Cowan v. Pleasant, 263 S.W.2d 494 (Ky. 1953).

■ It was indeed fortuitous that the bankrupt survived her husband. Had she died first the trustee in bankruptcy would have had no interest in the land to sell and would have realized nothing for the bankrupt's estate.

Affirmed.