**Leonard F. BARTON, Appellant,**

v.

**Ann HUDSON, d/b/a Ann Hudson Personnel, Appellee.**

Court of Appeals of Kentucky.

Oct. 21, 1977.

Rehearing Denied Jan. 6, 1978.

William F. Burbank, Louisville, for appellant.

Donald J. Eckerle, Jeffersontown, for appellee.

Before MARTIN, C. J., and HOWARD and COOPER, JJ.

COOPER, Judge.

This is an appeal from a garnishment naming the First National Bank of Louisville as garnishee, and attaching a joint bank account as the result of a summary judgment in the Jefferson Circuit Court.

The appellee was granted a summary judgment on April 12, 1976, in the amount of $1,100.00 against the appellant, Leonard F. Barton.

On July 2, 1976, the appellee filed a garnishment in the Jefferson Circuit Court Clerk's office, naming the First National Bank of Louisville as garnishee, and attaching a joint bank account with rights of survivorship in the names of Leonard F. Barton and Marilyn J. Barton, husband and wife.

The First National Bank, as garnishee, paid into court the sum of $962.38, and the clerk disbursed the funds accordingly.

The main issue before this Court is:

WHETHER A JOINT CHECKING ACCOUNT MAINTAINED IN THE NAMES OF A HUSBAND AND WIFE IS SUBJECT TO ATTACHMENT BY A JUDGMENT CREDITOR OF THE HUSBAND?

The question presented by this case is one of first impression in this Commonwealth. Although the cases cited by the appellant, *Hoffman v. Newell*, 249 Ky. 270, 60 S.W.2d 607 (1932), and *Bishop v. Bishop Ex'x*, 293 Ky. 652, 170 S.W.2d 1 (1943); involve an attaching, judgment creditor, they are not germane to the issue presented by this case.

The *Hoffman* case, *supra*, presented the issue of whether or not a judgment creditor of a husband could subject and sell the interest of the husband in a parcel of real estate owned jointly by the husband and his wife, as tenants by the entirety. The Court of Appeals of Kentucky therein set forth the following rule:

A conveyance to a husband and wife as tenants by the entirety creates one indivisible estate in them both and the survivor, which neither can destroy by any separate act.

Alienation by either the husband or the wife will not defeat the right of the survivor to the entire estate on the death of the other. There can be no severance of such estate by the acts of either alone without the assent of the other, and no partition during their joint lives, and the survivor becomes seized as sole owner of the whole estate regardless of anything the other may have done.

In the instant case, a judgment creditor has attached the funds in a joint bank account, not a parcel of real estate. The distinction is obvious. A joint checking account, whether by survivorship or otherwise, permits either of the parties to withdraw all or any part of the funds therein contained, during their joint lives. Upon the death of either, the remaining funds become the sole property of the survivor.

The *Bishop* case, *supra*, holds that a surviving wife is entitled to the entire

amount of a joint savings account in the joint names of the wife and her deceased husband. In the instant case, both husband and wife are still alive, and each remains entitled to the entire proceeds of the joint bank account until the death of the other. The death of either the husband or wife changes the legal nature of the bank account. Upon the death of either spouse, the funds pass immediately to the surviving spouse, and a creditor of the deceased husband may not acquire any interest whatsoever in the account should he attach subsequent to the death. However, until the death of either spouse, and for the reason that either may acquire all funds in the joint account during their lifetime, an attaching creditor acquires an interest in the account to the extent of his judgment.

The general rules applying to a judgment creditor seeking the funds held in a joint bank account by a husband and wife are set forth in 11 A.L.R.3d 1470, II, § 3, as follows:

> While there is some contrary authority, most courts are agreed that a joint bank account is garnishable by a creditor of only one of the joint depositors.

11 A.L.R.3d 1470, III, § 11(a), at page 1479:

> Most courts uphold the right of the husband's creditor to levy against a bank account maintained jointly between husband and wife, at least to the extent that the funds held in the account are shown to be the property of the husband.

During the joint lives of a husband and wife, neither may alienate all or any part of a joint interest in a parcel of real estate in which they are tenants by the entirety; during the joint lives of a husband and wife, either may alienate all or any part of funds contained in a joint bank account, either with or without survivorship; and accordingly, a judgment creditor, by attaching the joint bank account, acquires an interest in all funds therein contained to the extent of his judgment.

We have examined the record in this case, and have determined that the trial court was correct in overruling the defendant's motion that plaintiff pay into court the sum of $533.93, and the clerk of the court pay said money and court costs to the First National Bank.

The judgment is affirmed.

All Concur.