**UNITED STATES of America, Plaintiff,**

v.

**REAL PROPERTY LOCATED AT 5205 MOUNT HOWARD COURT LOUISVILLE, KENTUCKY, et al., Defendants.**

Civ. A. No. 89–0251–L(J).

United States District Court,
W.D. Kentucky,
Louisville Division.

Sept. 13, 1990.

Suzanne M. Warner, Asst. U.S. Atty., Louisville, Ky., for plaintiff.

Robert E. Fleming, Louisville, Ky., for defendants.

Michael L. Maple, Louisville, Ky., for Fleeners.

James E. Stierle, Stierle & Stierle, Louisville, Ky., for Citizens Fidelity Bank.

Tracy A. Simmons, Louisville, Ky., for Liberty Nat. Bank.

## MEMORANDUM OPINION

JOHNSTONE, Chief Judge.

This civil forfeiture action is before the court on motion of the plaintiff, United States of America, for the sale of the defendant real property located at 5205 Mount Howard Court, Louisville, Kentucky (the "Property") and division of proceeds derived therefrom. Finding that the requested sale and division of proceeds is unauthorized under the law of the Commonwealth of Kentucky, the motion of the United States is denied.

### I. BACKGROUND

James Fleener, co-owner of the Property, was indicted on one count of reproducing and one count of receiving visual depictions of a minor engaged in sexually explicit conduct in violation of 18 U.S.C. § 2252(a)(2), one count of knowingly causing to be mailed a video tape depicting a minor engaging in sexually explicit conduct in violation of 18 U.S.C. § 2252(a)(1) and two counts of mailing obscene material in violation of 18 U.S.C. § 1461. Fleener pled guilty to the two counts of violating 18 U.S.C. § 1461 and was convicted of the remaining three counts.

■ In conjunction with the criminal prosecution of James Fleener, the United States filed this civil forfeiture action to obtain an ownership interest in the Property on the theory that the Property was used by Fleener to facilitate his violations of federal child obscenity and sexual exploitation laws. Civil forfeiture proceedings such as this are *in rem* proceedings in which the defendant property is treated as being guilty of wrongdoing. *United States v. One 1976 Mercedes Benz 280S,* 618 F.2d 453 (7th Cir.1980).

The forfeiture statute in issue in this action, 18 U.S.C. § 2254, provides, in pertinent part:

(a) **Property subject to civil forfeiture.** —The following property shall be subject to forfeiture by the United States:

. . . .

(2) Any property, real or personal, used or intended to be used to commit or to promote the commission of an offense under this chapter [18 USCS 2251 et seq.] involving a visual depiction described in sections 2251, 2251A, or 2252 of this chapter, except that no property shall be forfeited under this paragraph, to the extent of the interest of an owner, by reason of any act or omission established by that owner to have been committed or omitted without the knowledge or consent of that owner.

The evidence presented during the criminal proceedings and the affidavit of Postal Inspector, William B. Reeves verifies that James Fleener admitted using the defendant Property to facilitate violations of 18 U.S.C. §§ 1461, 2252(a)(1) and 2252(a)(2). Finding probable cause to support the forfeiture of James Fleener's interest in the defendant Property to the United States, this court granted summary judgment in favor of and ordered that the Property be forfeited to the United States.

The United States does not contest the fact that Carolyn Fleener, co-owner of the Property with her husband James as tenants by the entirety with rights of survivorship, was at all times and remains an innocent owner having no involvement with or knowledge of the crimes which the Property was used to facilitate. Notwithstanding Carolyn Fleener's interest in the Property and her innocent ownership status, the United States argues that the court should now enter an order directing that the Property be sold and the proceeds divided between the United States and Carolyn Fleener. Carolyn Fleener contends that such a sale is unlawful.

### II. APPLICABLE LAW

■ The resolution of this issue requires the court to determine, under Kentucky

law, the respective interests held in the Property by James Fleener and Carolyn Fleener. *See generally, Segal v. Rochelle,* 382 U.S. 375, 86 S.Ct. 511, 15 L.Ed.2d 428 (1966); *United States v. Real Property Located at 2525 Leroy Lane,* 910 F.2d 343 (6th Cir.1990); *United States v. One Single Family Residence,* 894 F.2d 1511 (11th Cir.1990) (applying state law to determine ownership interest in forfeiture proceedings).

In *United States v. Certain Real Property located at 2525 Leroy Lane, supra,* the Sixth Circuit Court of Appeals concluded, in a criminal forfeiture proceeding under 21 U.S.C. §§ 853(n) and 881(a)(7), that a federal court must refer to state law in determining the nature of the property interests claimed by the respective parties. Finding no reason to depart from this rule in the context of a civil forfeiture proceeding under 18 U.S.C. § 2254, Kentucky law will determine the nature and extent of Carolyn Fleener's ownership interest in the Property and the extent to which the United States can adversely effect that interest.

James and Carolyn Fleener owned the Property as tenants by the entirety with the express right of survivorship. The granting clause contained in the deed conveying the Property to the Fleeners states:

> [T]he parties of the first part hereby conveys, with covenant of general warranty unto [James B. Fleener and Carolyn B. Fleener, his wife], for and during their joint lives with remainder in fee simple to the survivor of them....

This is the standard language employed in Kentucky for conveyance of a tenancy by the entirety with rights of survivorship.

As a result of this civil forfeiture proceeding, James Fleener's interest in the Property has been forfeited to the United States. Carolyn Fleener's interest in the Property as a tenant by the entirety with right of survivorship was not and, pursuant to 18 U.S.C. § 2254(a), cannot be forfeited to the United States based upon the criminal acts perpetrated by her husband.

## III. KENTUCKY PROPERTY LAW

■ The law of the Commonwealth of Kentucky regarding estates held by a husband and wife as tenants by the entirety with rights of survivorship and the forfeiture of such estates is embodied in both case and statutory law. The United States and Carolyn Fleener do not dispute the case and statutory law which controls the resolution of the issue before the court, however, they each reach opposite conclusions in the proper interpretation of this authority.

A determination of the propriety of the proposed sale of the Property must begin with a review of the pertinent provisions of the Kentucky Revised Statutes. KY.REV. STAT. 426.190 provides:

> *Land* to which the defendant has a legal or equitable title in fee, for life or for a term, whether in possession, reversion or remainder, or in which the defendant has a contingent interest or a contingent remainder or a defeasable fee, *may be taken and sold under execution.* (emphasis added).

Kentucky's highest court interpreted and applied KY.STAT. 1681, the predecessor of KY.REV.STAT. 426.190, in the context of a tenancy by the entirety with rights of survivorship in the case of *Hoffmann v. Newell,* 249 Ky. 270, 60 S.W.2d 607 (1932). In *Hoffmann,* a creditor attempted to satisfy debts owed by a husband through the forced sale of property owned jointly by the husband and his wife as tenants in the entirety, with rights of survivorship. In discussing the nature and character of this estate and addressing the propriety of the sale to satisfy the debts of the husband, the *Hoffmann* court held:

> One of the distinguishing incidents of this venerable estate is that which exempts it from the ordinary processes to which all other estates are subject. A tenancy by the entirety fundamentally rests on the legal unity of the husband and wife. "It is founded on the common-law doctrine of the unity of husband and wife as constituting in law but one person. A conveyance to a husband and wife as tenants by the entirety creates

one indivisible estate in them both and in the survivor, which neither can destroy by any separate act. Both husband and wife are seised of such an estate per tout et non per my as one person, and not as joint tenants or tenants in common. Alienation by either the husband or the wife will not defeat the right of the survivor to the entire estate on the death of the other. There can be no severance of such estate by the act of either alone without the assent of the other, and no partition during their joint lives, and the survivor becomes seised as sole owner of the whole estate regardless of anything the other may have done." (*citations omitted*).

In determining the effect of legislative enactments on this estate and, most specifically, the extent to which the interest held by the husband as a tenant by the entirety may be executed upon and sold to satisfy his individual obligations, the *Hoffmann* court, applying KY.STAT. 1681 the predecessor of KY.REV.STAT. 426.190, stated:

> [The] *right of the husband ... to succeed to the entirety of title in the property now so held by himself and wife, upon the contingency of his surviving her, is for such a reason a contingent interest he holds in this estate*, it must follow, under the provisions of the ... statute, that *such interest may be taken and sold under execution; that [the creditor] was properly adjudged a lien upon the [husband/debtor's] expectant interest by survivorship in the property* ... We are of the opinion that, as *the statute declares this contingent interest of the husband to be subject to sale* for the judgment creditor's debt, he takes the interest acquired upon its sale, subject only to the defeasance its very contingent nature demands, its destruction through the wife's survivorship ... during the joint lives of the [husband and wife], the wife has a right to the possession, and all the rents, issues, and profits of the whole of said property.... (*emphasis added*).

The holding in *Hoffmann*, that the husband's contingent interest, as opposed to his interest in the entire estate, may be taken and sold is in accord later holdings of the Kentucky courts addressing tenancies by the entirety. In *Alford v. Rodgers*, Ky., 262 S.W.2d 676 (1953), the Kentucky high court, describing this estate, stated:

> In the present case, the conveyance of the property ... was to the wife and husband as tenants by entirety, an indivisible estate in both and the survivor which neither could destroy by separate act and in which each of them had a present interest subject to his or her debt.

Similarly, in *Barton v. Hudson*, Ky.App., 560 S.W.2d 20 (1978), the Kentucky Court of Appeals stated:

> During the joint lives of a husband and wife, neither may alienate all or any part of a joint interest in a parcel of real estate in which they are tenants by the entirety....

The Sixth Circuit Court of Appeals, applying Kentucky law, reached the same result in *Hayes v. Schaefer*, 399 F.2d 300 (6th Cir.1968). The *Hayes* court, addressing the issue of whether property held by a husband and wife as tenants by the entirety with rights of survivorship was subject to transfer, levy, execution and sale as a result of the acts of one spouse, stated:

> In Kentucky, where a tenancy by the entireties exists, it creates an indivisible estate in both husband and wife which neither can destroy by a separate act. Alienation by either will not defeat the rights of the survivor, and the estate may not be severed by either without the assent of the other. The death of a co-tenant does not increase the interest of the other tenant since from the time the tenancy was created both tenants were seized of the whole.... [T]he surviving tenant of a tenancy by the entireties does not inherit from the co-tenant, but rather the surviving spouse takes by virtue of the deed. (*citations omitted*).

The *Hayes* court construed the case of *In re Brown*, 60 F.2d 269 (W.D.Ky.1932), a case relied upon by the United States to support its argument that the defendant Property may be sold, as holding that the

*contingent* interest in a tenancy by the entirety may be levied upon and sold. This court reads the decision in *In re Brown* as authorizing the sale of both the contingent remainder in fee and the right of joint occupancy during the lives of the husband and wife. The analysis employed in *In re Brown* is rejected, however, since that case involved a deed conveying property to a husband and wife as tenants in common as opposed to tenants by the entirety and the decision was rendered some five months prior to the *Hoffmann* decision. Although the distinction between a tenancy in common and a tenancy by the entirety has been eroded, *Campbell Co. Bd. of Educ. v. Boulevard Ent.*, Ky., 360 S.W.2d 744 (1962) it is still recognized by Kentucky courts. *Peyton v. Young*, Ky., 659 S.W.2d 205 (1983).

The United States and Carolyn Fleener both rely upon the *Hoffmann* decision to support their respective positions. The United States argues that *Hoffmann* and KY.REV.STAT. 426.190 authorize the forfeiture, execution and sale of the defendant Property with the subsequent division of the proceeds between the United States and Carolyn Fleener. Carolyn Fleener argues that Kentucky law does not permit the partition and sale of property held by a husband and wife as tenants by the entirety with the right of survivorship when, as here, the wife is an innocent owner.

### IV. CONCLUSION

The court has analyzed the law of the Commonwealth of Kentucky regarding this issue and the interpretations urged by the parties in support of their respective positions. Carolyn Fleener, as an innocent owner of the defendant Property in a tenancy by the entirety with a right of survivorship, has the vested right and title to the exclusive ownership of the entire Property during her life time. Should she survive James Fleener, she would then be vested with full title to the Property in fee simple, regardless of any interest the United States may acquire through her husband. There can be no forced sale of the Property by the United States during the period in which it is held by Carolyn Fleener as a tenant by the entirety with the right of survivorship. If James Fleener survives Carolyn Fleener, the United States would receive title to the defendant Property in fee simple since James Fleener forfeited his right of survivorship by his own wrongful acts.

The court has carefully considered the argument of the United States for an interpretation of KY.REV.STAT. 426.190 to order a sale of the defendant Property and division of the proceeds. Such an interpretation would require that the court read KY.REV. STAT. 426.190 in isolation and disregard the decisions of the Kentucky courts in *Hoffmann, supra*, and *Barton v. Hudson, supra*, and the Sixth Circuit Court of Appeals in *Hayes v. Schaefer, supra*. If the legislatures objected to the judicial interpretation of this statute, they would have enacted or could now enact legislation reversing the decisions.

Pursuant to the decision in *Hoffmann*, the United States, as successor to James Fleener's interest in the Property, may only sell James Fleener's contingent estate in the Property. Such a sale, does not, however, defeat Carolyn Fleener's current right to and interest in the entire estate.