940 F.2d 654
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellant,
v.
35 ACRES, MORE OR LESS, IN CHEROKEE COUNTY, NORTH CAROLINA,
Charles William McHan, Martha B. McHan,
Defendants-Appellees.
 No. 90-7376.
 United States Court of Appeals, Fourth Circuit.
 Submitted June 17, 1991.
Decided Aug. 15, 1991.
 
 Appeal from the United States District Court for the Western District of North Carolina, at Bryson City. Woodrow Wilson Jones, Senior District Judge. (CA-88-173)
 B. Frederic Williams, Jr., Office of the United States Attorney, Charlotte, N.C., for appellant.
 John William Kirkman, Jr., Greensboro, N.C. for appellees.
 Charles William McHan, appellee pro se.
 W.D.N.C.
 AFFIRMED.
 Before WIDENER, SPROUSE and WILKINS, Circuit Judges.
 OPINION
 PER CURIAM:
 
 
 1
 The United States appeals from an order of the district court denying forfeiture of certain real property pursuant to 21 U.S.C. Sec. 881(a)(7). We affirm.
 
 
 2
 Following a government sting operation Charles William McHan pled guilty to conspiracy to possess with intent to distribute 200 pounds of marijuana. McHan later moved to withdraw his plea. The motion was denied and the denial affirmed by this Court on appeal. United States v. McHan, 920 F.2d 244 (4th Cir.1990). In light of the facts revealed in its criminal investigation the government filed a civil in rem forfeiture action under Sec. 881(a)(7) against certain real estate owned by McHan and his wife. Following lengthy proceedings, the district ruled that while the government had met its burden of showing that Charles McHan's actions had rendered his interest in the property forfeitable, because the property was held by McHan and his wife as tenants by the entirety, and because Mrs. McHan was an innocent party, there was no forfeitable interest in the property. The United States moved for reconsideration but the court denied the motion. The government then obtained a stay of the district court's decision pending appeal.
 
 
 3
 In view of Charles McHan's conviction, and the facts so revealed, the government and Martha McHan do not dispute the district court's finding that the property was used to facilitate a violation of Title 21 punishable by imprisonment in excess of one year.[1] Nor do the parties dispute that Martha McHan is an innocent party. Thus the present appeal does not concern the issue of forfeitability vel non under Sec. 881(a)(7). Hotly contested, however, is the nature and extent of any forfeitable interest.
 
 
 4
 Charles and Martha McHan purchased the subject property in 1977 and hold title to it as tenants by the entirety. Though the concept of ownership as tenants by the entirety has long been criticized, it remains the law of North Carolina and at least 14 other states. The central concept of tenancy by the entirety is that the property is not owned by either the husband or the wife but by the marital unit, with each spouse having an undivided right to the entire property. See Davis v. Bass, 188 N.C. 200, 124 S.E. 566 (1924). In light of the special nature of entireties property the district court held that no interest in the property was forfeitable to the government.
 
 
 5
 Though the government raises numerous legal and policy issues with the district court's decision we affirm. In United States v. One Single Family Residence, 894 F.2d 1511 (11th Cir.1990), the court faced precisely the question raised in the present case. Florida law also recognizes tenancy by the entirety and the district court there held that because title was held by husband and wife as tenants by the entirety no interest could forfeit to the government solely because of the husband's criminal deeds. The court of appeals affirmed in a thorough and well-reasoned opinion. The government raised many of the same arguments before the Eleventh Circuit that it raises in this appeal.
 
 
 6
 The government makes four basic arguments: (1) traditional forfeiture law from admiralty in rem proceedings applies and all title is forfeit at the time of the criminal act; (2) federal law preempts state property law in this case; (3) Congress did not intend to allow the innocent owner provision to prevent forfeiture of property owned only in part by an innocent owner; and (4) Congress intended "all" property to be forfeited as part of the "national war on drugs." The bulk of these contentions were specifically addressed in One Single Family Residence, and we find its reasoning persuasive.
 
 
 7
 Relying on this Court's decision in In re Metmor Fin., Inc., 819 F.2d 446 (4th Cir.1987) (under Sec. 881 the government can succeed to no greater interest than that which belonged to wrongdoer; innocent owner entitled to retain interest in existence prior to criminal act), the Eleventh Circuit rejected the argument that the "relation back" principle of traditional forfeiture law operated to sever the required unities and divest an innocent owner of title obtained prior to the offending criminal acts. One Single Family Residence, 894 F.2d at 1515-16. The court also rejected, after surveying a number of Supreme Court cases, the argument that federal forfeiture law preempts state property law in this area. Id. at 1517-19. The Eleventh Circuit also rejected the argument that Congress did not intend to allow property owned only in part by innocent owners to be nonforfeitable. Id. at 1516, 1518-19. The court held that Congress intended innocent owners to be fully protected and where the innocent owner's interest encompasses all right, title and interest, as is the case with entireties property, Congress did not intend to allow a division of the property. Id. at 1516. As to the government's fourth argument, we believe that Congress's interest in protecting innocent owners belies a claim that "all" property must be forfeited to the government.
 
 
 8
 The conclusion that entireties property held in part by an innocent spouse is not forfeitable was also reached by the only other court to have so far addressed this issue in a published opinion. See United States v. Marks, 703 F.Supp. 623, 627 (E.D.Mich.1988).[2] See also United States v. Certain Real Property Located at 2525 Leroy Lane, 910 F.2d 343, 347 (6th Cir.1990) (state property law governs in actions under Sec. 881(a)(7)), cert. denied, 59 U.S.L.W. 3672 (U.S.1991); United States v. Real Property Located at 5205 Mount Howard Court, 755 F.Supp. 169, 173 (W.D.Ky.1990) (entireties property would not be forfeited to the government under 18 U.S.C. Sec. 2254 where wife was innocent party).
 
 
 9
 While tenancy by the entirety may prevent an immediate forfeiture to the government, it does not forever preclude forfeiture of the guilty spouse's interest. As the court noted in One Single Family Residence, 894 F.2d at 1516 n. 6, "[n]othing would prevent the government from attempting to execute or levy on its interest should the entireties estate be altered by changes in circumstances or by court order." Thus, provided proper procedures to preserve its interest are followed, "the government might acquire in a later forfeiture proceeding [the husband's] interest in the property should he divorce his spouse, should [his spouse] predecease him, or should their interest be transmuted into some divisible form by their actions or by law." Id. (emphasis added).[3] The government argues that N.C.Gen.Stat. Sec. 75D-8(a)(1) has the effect of transmuting the McHans' interests into a divisible form.
 
 
 10
 The government never raised this theory in the district court, either before judgment or in its motion for reconsideration. Ordinarily, this Court will not consider issues raised for the first time on appeal. National Wildlife Fed'n v. Hanson, 859 F.2d 313, 318 (4th Cir.1988). However, in "very limited circumstances" the Court may consider such an issue if the error is " 'plain' and refusal to consider it would result in a miscarriage of justice." Id. See Stewart v. Hall, 770 F.2d 1267, 1271 (4th Cir.1985).
 
 
 11
 The applicability of Sec. 75D-8 to the present case is far from certain: it is by its own terms not mandatory in its operation, and exists only to enjoin violations of Sec. 75D-4, the North Carolina Racketeer Influenced and Corrupt Organizations Act. We conclude that the failure to apply Sec. 75D-8 was not plain error resulting in a miscarriage of justice and accordingly do not decide this question.
 
 
 12
 In conclusion, the district court correctly decided that Charles McHan has no interest in the subject real estate which is presently forfeitable to the government. The decision below denying forfeiture and dismissing the action is therefore affirmed. Finding no abuse of discretion, we also affirm the denial of the motion for reconsideration. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 
 13
 AFFIRMED.
 
 
 
 [1]
 In his informal brief before this Court Charles McHan attempts to challenge the finding that his interest in the property was forfeit. To have preserved this issue for appellate review McHan would have to have filed a cross-appeal. See United States v. American Ry. Express Co., 265 U.S. 425, 435 (1924). To the extent that Charles McHan attempts to raise this issue in his informal brief we grant the government's motion to dismiss the crossappeal as untimely
 
 
 [2]
 In United States v. One Parcel of Real Estate, 715 F.Supp. 355 (S.D.Fla.1989), the court faced the same issue raised in this case and One Single Family Residence. It decided, however, that the forfeiture to the government upon the husband's criminal action severed the required unities which give rise to a tenancy by the entirety. Id. at 359. On appeal, the Eleventh Circuit vacated the decision and remanded for entry of a final order denying forfeiture in accordance with its decision in One Single Family Residence. United States v. One Parcel of Real Estate, 751 F.Supp. 1538 (S.D.Fla.1990)
 
 
 [3]
 See Certain Real Property at 2525 Leroy Lane, 910 F.2d at 351 (joint conveyance, death of innocent spouse, or divorce, will destroy entireties estate); Real Property Located at 5205 Mount Howard Court, 755 F.Supp. at 173 (government has interest in entireties property contingent upon innocent spouse predeceasing guilty spouse, government may sell this contingent interest)