**In re Stuart C. BRINLEY, Debtor.**

No. 01–30824(3)7.

United States Bankruptcy Court, W.D. Kentucky.

May 24, 2002.

Richard A. Schwartz, Louisville, KY, for debtor.

Lisa Koch Bryant, Louisville, KY, Kathleen E. Hayes, Cincinnati, OH, William P. O'Brien, Louisville, KY, for creditors.

### *MEMORANDUM*

DAVID T. STOSBERG, Chief Judge.

This matter is before the Court on the motion of the Debtor to avoid the judgment lien of LPP Mortgage, Ltd. ("LPP") on a house and lot located at 1007 Johnson Farm Road, Louisville, Kentucky (the "Property"). The Court heard arguments of counsel and the parties stipulated the Property value, lien amounts, and priority of liens. For the reasons that follow, LPP's judgment lien is partially avoided.

### *Factual Background*

In order of priority, there is a first mortgage lien in the amount of $180,000, LPP's judgment lien in the amount of $112,418.35, and a junior mortgage in favor of Bank One of $80,345.09. The Debtor claims an exemption of $6,000 and seeks avoidance of LPP's lien on the Property which is worth $280,000. The Debtor owns the Property with his non-debtor spouse jointly with rights of survivorship, and the judgment from which LPP's lien arose is only against Mr. Brinley and not his non-debtor spouse.

### *Legal Analysis*

■ This case presents the question of whether to consider the priority of liens in applying the formula under section 522(f) for avoidance of liens. The Debtor argues that using the simple mathematical formula of section 522(f)(2)(A), the exemption is impaired to the extent that the total of all liens on the property exceed the value of the property in the absence of liens. According to the Debtor's application of the § 522(f) formula, the value of the Property ($280,000), less the first mortgage ($180,-000), less the Bank One mortgage ($80,-345.09), equals $19,654.91. The Debtor then proposes to split the equity in half, applying $9,827.45 to the Debtor, deducting the Debtor's $6,000 exemption, leaving $3,827.45 in equity for LPP's lien to attach and avoiding the remainder of LPP's judgment lien. (See Exhibit A to docket # 44 for Debtor's calculation).

LPP argues that the second consensual mortgage should not be considered in the mathematical impairment formula as LPP's lien has priority over the second mortgage. According to LPP, the value ($280,000), less the first mortgage ($180,-000), less the $6,000 exemption, leaves $94,000 of value remaining for LPP's judicial lien. LPP's analysis results in the avoidance of $18,418.35 of its judgment lien as the portion which impairs the Debtor's exemption.

In 1994, Congress amended the lien avoidance section by adding a definition of impairment of an exemption, found in 11 U.S.C. § 522(f)(2)(A), providing:

> For the purposes of this subsection, a lien shall be considered to impair an exemption to the extent that the sum of—
>
> (i) the lien;
>
> (ii) all other liens on the property; and
>
> (iii) the amount of the exemption that the debtor could claim if there were no liens on the property;
>
> exceeds the value that the debtor's interest in the property would have in the absence of any liens.

By devising this formula, Congress intended to clarify the application of the statute, overrule certain cases, and provide a simple arithmetic test to determine whether a lien impairs an exemption. *In re Holland*, 151 F.3d 547, 549 (6th Cir.1998) (citing, H.Rep. No. 103–835, at 52–53 (1994), *re-*

*printed in* 1994 U.S.C.C.A.N. 3340, 3361–62). We do not believe, however, that Congress intended to alter state law lien priorities when it added the above section. The position espoused by the Debtor ignores the U.S. Constitution, specifically, the Fifth Amendment takings clause by eliminating existing property rights. *See In re Dolan,* 230 B.R. 642, 647 (Bankr. D.Conn.1999) (citing, *U.S. v. Security Industrial Bank,* 459 U.S. 70, 78, 103 S.Ct. 407, 74 L.Ed.2d 235 (1982), where the Supreme Court stated, "It is a cardinal principle that this Court will first ascertain whether a construction of the statute is fairly possible by which the constitutional question may be avoided.").

■ We therefore join the courts that construe the language of the statute to prevent the unjust result produced by merely totaling all liens and the exemption, without regard to state law priorities. *See In re Lehman,* 205 F.3d 1255 (11th Cir.2000); *Nelson v. Scala,* 192 F.3d 32 (1st Cir.1999); *In re Ware,* 274 B.R. 206 (Bankr.D.S.C.2001); and *In re Dolan,* 230 B.R. 642 (Bankr.D.Conn.1999). As the court in *Dolan* explained,

> While the calculation prescribed in § 522(f)(2)(A) makes no explicit reference to the priority position of any of the liens included in the calculation, the iterative nature of the formula, as defined under § 522(i)(2)(B) for property subject to more than one lien, implicitly requires a determination of the relative priorities of at least the judicial liens. Since the formula is to be applied repeatedly, eliminating each lien previously avoided from the subsequent calculations, the order in which they are eliminated is material. Those rulings purporting to apply the formula literally implicitly recognize the priority order of liens established under state law—applying the formula consecutively, starting with the most junior of the

judicial liens and avoiding one judicial lien (or part thereof) at a time, until the formula indicates no further impairment. (Internal citations omitted).

> Since state law priority determines the order in which judicial liens be avoided, the court concludes, under the circumstances of this case, that the formula be applied to *exclude* junior nonavoidable liens in the computation of whether Cadle's judgment lien impairs Raymond's exemption, thereby avoiding the constitutional issue.

*In re Dolan,* 230 B.R. at 647. This position is supported by the Congressional Record in support of the 1994 Amendments to section 522(f), where the dissent in *In re Simonson,* 758 F.2d 103, 106–13 (3rd Cir.1985) is adopted. The Amendment specifically overruled the majority opinion in *Simonson,* in which the Third Circuit held that a judicial lien could not be avoided where the judicial lien held a senior priority position to a nonavoidable mortgage.

■ We also address the issue of whether the value or equity in the Property should be divided in half based on the ownership of the Property by the Debtor in joint survivorship form with his non-debtor spouse. The Debtor claimed a homestead exemption pursuant to KRS 427.060 of $5,000 and a general exemption in the Property of $1,000 under KRS 427.160. The Debtor states that he has not claimed an exemption in the Property pursuant to § 522(b)(2)(B) as an interest in property held as a tenant by the entirety. Nonetheless, on the date of filing, the Debtor held the Property as a joint tenant with the right of survivorship. Just as we decline to disturb the priority of the liens, we also decline to mischaracterize the nature of the Debtor's interest in the Property by dividing the value of the Property.

Owners of tenancy by the entirety property own the entire fee which neither spouse can sever individually. *See Hayes v. Schaefer*, 399 F.2d 300, 301–02 (6th Cir. 1968). *See also, United States of America v. Real Property Located at 5205 Mount Howard Court Louisville, Kentucky, et al.*, 755 F.Supp. 169, 173 (W.D.Ky.1990). Dividing the equity between the Debtor and his non-debtor spouse would alter the nature of the Debtor's entireties interest in the Property, afford the Debtor a windfall, and produce an inequitable result. Our holding adopts a holistic approach which affords the Debtor his exemption in the Property without upsetting the priority of the liens or altering the nature of the Debtor's interest in the Property.

### *Conclusion*

The Court concludes that the priority of liens is material to considering a lien avoidance motion under 11 U.S.C. § 522(f), and therefore, we must exclude from the impairment calculation the Bank One mortgage which is junior in priority to the lien of LPP. We apply the formula as follows:

|   | | | |
|---|---|---|---|
|   | Lowest Priority Judicial Lien Remaining (LPP's lien): | $112,418 | |
| + | Sum of All Other Encumbrances Senior to LPP's Lien: | $180,000 | (1st mtg) |
| + | Debtor's Exemption: | $ 6,000 | |
|   | | = $298,418 | |
| − | Value of the Property: | $280,000 | |
|   | Amount Impairing Exemption: | = $ 18,418 | |

Based on the formula above, LPP's lien is avoided in the amount of 18,418, leaving LPP with a judgment lien of $94,000 on the Property.