949 F.2d 73
 60 USLW 2359
 UNITED STATES of America, Appellant,
v.
PARCEL OF REAL PROPERTY KNOWN AS 1500 LINCOLN AVENUE Having
Erected thereon a Building Containing Pentown Pharmacy,
Pittsburgh, Pennsylvania, Including all Improvements,
Fixtures and Appurtenances thereto, Defendant/Appellee,
A. Leonard Bernstein and Linda M. Bernstein, Claimants/Appellees.
 No. 91-3159.
 United States Court of Appeals,
Third Circuit.
 Submitted Under Third Circuit Rule 12(6),
 Aug. 8, 1991.
Decided Nov. 7, 1991.
 
 Thomas W. Corbett, Jr., U.S. Atty. and Constance M. Bowden, Asst. U.S. Atty., Pittsburgh, Pa., for appellant.
 Charles F. Scarlata, Scarlata & Plastino, Pittsburgh, Pa., for appellees.
 Before MANSMANN and ALITO, Circuit Judges, and NEALON, District Judge*.
 OPINION OF THE COURT
 ALITO, Circuit Judge:
 
 
 1
 The United States appeals from an order dismissing its complaint seeking civil forfeiture of property containing a pharmacy that was used for the illegal distribution of prescription drugs. The pharmacy was owned as a tenancy by the entireties by a husband, who was convicted for the illegal activities, and his wife, who did not know about or consent to this use of the property. The district court held that the United States was not entitled at this time to forfeiture of any interest in the property. We will reverse.
 
 I.
 
 2
 In 1989, the United States filed a complaint seeking civil forfeiture under 21 U.S.C. § 881 of property in Pittsburgh, Pennsylvania, on which the Pentown Pharmacy, Inc., was located. The complaint alleged that the property in question was transferred to A. Leonard Bernstein and his wife, Linda M. Bernstein, in October 1979. The complaint asserted that A. Leonard Bernstein, the president of the pharmacy, had used the property for the illegal diversion of various pharmaceutical drugs from 1984 to 1987. The affidavit submitted in support of the complaint asserted the following facts. Dr. Albert T. Smith, who was convicted of drug-related offenses, initially informed the Drug Enforcement Administration that Mr. Bernstein was involved in the illegal diversion of pharmaceutical drugs at the pharmacy. Dr. Smith subsequently engaged in a consensually recorded conversation with Mr. Bernstein at the pharmacy. During that conversation, Mr. Bernstein discussed the illegal diversion of Percocet and Dilaudid, two Schedule II drugs. 21 U.S.C. § 812. Mr. Bernstein also gave Dr. Smith a prescription vial containing Percocet tablets.
 
 
 3
 In May 1987, a confidential source informed law enforcement authorities that he or she had purchased various controlled substances from Mr. Bernstein without a prescription for the past three to four years. Between May 1987 and October 1987, the confidential informant made five controlled purchases of Schedule III and Schedule IV drugs from Mr. Bernstein at the Pentown Pharmacy without presenting a prescription. After obtaining a warrant, DEA agents searched the pharmacy and recovered $47,000 in cash, including bills bearing serial numbers matching those used by the confidential informant in making the controlled purchases. Mr. Bernstein was subsequently indicted by a federal grand jury for 51 drug-related offenses. He eventually pled guilty to nine counts and was sentenced to ten years' imprisonment.
 
 
 4
 Mr. and Mrs. Bernstein filed an answer to the forfeiture complaint. Mrs. Bernstein averred that she had "no knowledge of any of the activity that took place at [the pharmacy] in that, even though she is a title owner of the property, she did not occupy the premises." Mr. Bernstein asserted that "the record of his conviction speaks for itself."
 
 
 5
 In a letter-brief submitted at the court's direction, the government conceded that Mrs. Bernstein had "a valid innocent owner defense" under 21 U.S.C. § 881(a)(7), which permits forfeiture of any real property used in drug offenses except for any interest of an innocent owner. The government then discussed the extent of the interest in the property that it believed Mrs. Bernstein was entitled to retain. The government first observed that since Mr. Bernstein's interest was forfeitable and since a tenancy by the entireties is an "indivisible" "unitary" estate, the "logical conclusion" was that Mrs. Bernstein had no severable interest that she was entitled to retain. The government did not advocate this result, however, but instead maintained that her husband's illegal use of the property resulted in the severance of the entireties estate (i.e., conversion of the estate into a tenancy in common) and that Mrs. Bernstein was therefore entitled to keep a one-half interest in the property. Counsel for Mrs. Bernstein contended that the complaint should simply be dismissed.
 
 
 6
 The district court dismissed the complaint, holding "that a spouse's innocent owner defense bars a civil in rem forfeiture action against property held in a tenancy by the entirety." The court noted that under Pennsylvania law a tenant by the entireties has title to the whole property, not to a share of the property. Relying on United States v. 15621 S.W. 209th Avenue, 894 F.2d 1511 (11th Cir.1990), the court reasoned that Mrs. Bernstein, as an innocent owner, was entitled to retain her interest in the property. Because she had "an interest in all of [the property]," the court concluded, no interest in the property was subject to forfeiture by the government. The court also held that Mr. Bernstein's illegal use of the property did not result in a severance of the estate under either Pennsylvania law or federal common law. The court accordingly entered an order dismissing the government's forfeiture complaint.
 
 
 7
 The government then moved to alter or amend the judgment and argued that the court should enter an order granting forfeiture of the property except to the extent of the interest of the innocent owner, Mrs. Bernstein. Relying on the Sixth Circuit's recent decision in United States v. 2525 Leroy Lane, 910 F.2d 343 (6th Cir.1990), cert. denied, --- U.S. ----, 111 S.Ct. 1414, 113 L.Ed.2d 467 (1991), the government contended that it should at least be able to obtain "any separate interest which [Mr. Bernstein] would be entitled to should he survive or divorce [Mrs. Bernstein] or should the entireties be severed in any other manner." The government maintained that its approach would "protect [Mrs. Bernstein's] interest in the property to the fullest extent" because it would give her a life estate in the property and preserve her right of survivorship.
 
 
 8
 The district court denied the motion to alter or amend the judgment but noted in its opinion that the government could file a lis pendens against the property and thereby preserve its ability to seek forfeiture of any separate interest in the property that Mr. Bernstein might subsequently acquire as a result of the death of his wife or the severance of the tenancy.[1] The government then filed this appeal.[2]
 
 II.
 
 9
 On appeal, the government relies on the same argument advanced in its motion to alter or amend the judgment of the district court. The Bernsteins, on the other hand, appear to insist that nothing short of outright dismissal of the government's complaint would fully protect Mrs. Bernstein's interests.
 
 
 10
 In order to determine whether any interest in the property is subject to forfeiture,[3] we first turn to the language of 21 U.S.C. § 881(a)(7). That section states in pertinent part:
 
 
 11
 The following shall be subject to forfeiture to the United States and no property right shall exist in them.... (7) All real property, including any right, title and interest ... in the whole of any lot or tract of land and any appurtenances or improvements, which is used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, a violation of this title punishable by more than one year's imprisonment, except that no property shall be forfeited under this paragraph, to the extent of an interest of an owner, by reason of any act or omission established by that owner to have been committed or omitted without the knowledge or consent of that owner.
 
 
 12
 In short, if property is used to commit or facilitate a drug offense, the statute calls for forfeiture of any interest in that property except for the interest of an innocent owner.
 
 
 13
 Unfortunately, the statutory language does not clearly reveal what interest, if any, is subject to forfeiture in a case such as this. Indeed, the statutory language is susceptible to diametrically opposed interpretations. Because each spouse in a tenancy by the entireties is regarded as owning the whole estate, it may be argued, as the government initially suggested in the district court, that forfeiture of the guilty spouse's interest means forfeiture of the whole estate and consequently leaves nothing for the innocent spouse. On the other hand, it may be argued, as the district court reasoned, that the innocent spouse's retention of his or her interest in the tenancy means retention of the whole estate and therefore leaves nothing for the government to obtain by forfeiture. Intermediate interpretations--such as the government's contention earlier in this case that one-half of the property should be forfeited--are also possible.
 
 
 14
 Looking beyond the statutory language, we find nothing in the legislative history that provides an answer to the specific question presented here. The legislative history does show clearly that 21 U.S.C. § 881(a)(7) and other new forfeiture provisions were added in 1984 because Congress felt that strong forfeiture laws were badly needed to combat rampant drug offenses. The Senate Report stated:
 
 
 15
 Profit is the motivation for [drug trafficking] and it is through economic power that it is sustained and grows.... Today, few in Congress or the law enforcement community fail to recognize that the traditional sanctions of fine and imprisonment are inadequate to deter or punish the enormously profitable trade in dangerous drugs which, with its inevitable attendant violence is plaguing the country. Clearly, if law enforcement efforts to combat ... drug trafficking are to be successful, they must include an attack on the economic aspects of these crimes. Forfeiture is the mechanism through which such an attack may be made.
 
 
 16
 S.REP. 98-225, 98th Cong., 2d Sess. 191 (1983), reprinted in 1984 U.S.C.C.A.N. 3182, 3374. Thus, Congress clearly felt that "there is a strong governmental interest in obtaining full recovery of all forfeitable assets." Caplin & Drysdale Chartered v. United States, 491 U.S. 617, 631, 109 S.Ct. 2646, 2655, 105 L.Ed.2d 528 (1989). At the same time, however, the insertion of the innocent owner defense in 21 U.S.C. § 881(a)(7) shows that Congress did not want to extinguish the interests of innocent owners, and nothing in the legislative history discloses precisely how Congress wanted to balance the interest in forfeiture and the interest of an innocent owner in the circumstances presented by the case now before us.
 
 
 17
 Without any definitive guidance in the statutory language or the legislative history, we believe that we should adopt the interpretation that best serves the two goals that 21 U.S.C. § 881(a)(7) was intended to promote: forfeiture of the property used in committing drug offenses and preservation of the property rights of innocent owners. In the present case, the innocent owner held title as a tenant by the entireties. As a tenant by the entireties, Mrs. Bernstein had the right to possess and use the whole property during her life and the right to obtain title in fee simple absolute if her cotenant predeceased her. Similarly, she had protection against a unilateral conveyance by her cotenant of his interest in the estate, as well as protection against a levy upon the property by any creditor of her cotenant. Clingerman v. Sadowski, 513 Pa. 179, 183-84, 519 A.2d 378, 380-81 (1986); Klebach v. Mellon Bank, N.A., 388 Pa.Super. 203, 208, 565 A.2d 448, 450 (1989), appeal granted, 527 Pa. 647, 593 A.2d 420 (Pa.1990).
 
 
 18
 The range of possible interpretations that we must consider has been substantially narrowed as a result of the position taken by the government in its motion to alter or amend the judgment and on appeal. The government maintains that it is now entitled to forfeiture of Mr. Bernstein's interest in the tenancy by the entireties but that Mrs. Bernstein may retain full and exclusive use of the property during her life, protection against any alienation without her consent or any attempt to levy upon her husband's former interest, and the right to obtain title in fee simple absolute if her husband predeceases her. In light of the government's position, we need not consider possible interpretations of the statute that would result in a greater degree of forfeiture. Instead, we may limit our consideration to the interpretation now advanced by the government and those interpretations that would result in a lesser degree of forfeiture.
 
 
 19
 Two such interpretations have been suggested. As noted earlier, the Bernsteins argue that the complaint should simply be dismissed, and thus they appear to contend that the government may not obtain forfeiture of any interest in the property either now or at any future time. The district court, and the Eleventh Circuit decision on which the district court relied, concluded that in a situation such as this the government is not entitled to the forfeiture of any interest from the tenants by the entireties but that the government may file a lis pendens and thereby preserve its right to seek forfeiture of any separate interest in the property that might later be acquired by the guilty spouse due to either the death of the innocent spouse or the severance of the estate. See United States v. 15621 S.W. 209th Avenue, 894 F.2d at 1516 n. 6.
 
 
 20
 We believe that the interpretation advanced by the government best serves the dual purposes of 21 U.S.C. § 881(a)(7). This interpretation permits the immediate forfeiture of the interest of the guilty spouse and thus serves the goal of forfeiting property used in illegal drug activities. At the same time, this interpretation fully protects all of the property rights that the innocent owner enjoyed under the tenancy by the entireties. The innocent owner retains full use and possession (indeed, exclusive use and possession) of the property during his or her lifetime. The innocent owner is also protected against any conveyance without his or her consent or any attempt to levy upon the interest formerly held by the guilty spouse. In addition, the innocent owner retains the right to obtain title in fee simple absolute if he or she is predeceased by the guilty spouse.
 
 
 21
 Neither the interpretation urged by the Bernsteins nor that adopted by the district court and the Eleventh Circuit serves the dual purposes of 21 U.S.C. § 881(a)(7). The interpretation recommended by the Bernsteins--outright denial of forfeiture--completely frustrates the strong interest in forfeiture of property used in committing drug offenses. The approach adopted by the district court and the Eleventh Circuit--denial of forfeiture but recognition of the government's ability to file a lis pendens and seek forfeiture at a later time--likewise frustrates the strong governmental interest in forfeiture since it permits a guilty spouse during his or her lifetime to retain title as a tenant by the entireties in property that he or she has used in illegal drug activities. Moreover, this interpretation would create substantial procedural difficulties because it requires the government to postpone prosecution of civil forfeiture proceedings until the guilty spouse acquires a separate interest in the property, an event that may not occur until many years after the criminal conduct. Suppose, for example, that the government filed a complaint seeking forfeiture of the property interest of a spouse who it believed had used the property in illegal drug activities but who had not been convicted on criminal charges. Under the approach taken by the district court and the Eleventh Circuit, the complaint would be dismissed, but the government could file a lis pendens. Suppose that many years later the innocent spouse died or the tenancy by the entireties was severed by divorce. In order to prevent the guilty spouse from taking title in fee simple absolute or as a tenant in common, the government would have to refile its forfeiture complaint and prove the underlying criminal conduct long after it occurred. Proof of the relevant facts after such delay would often be extremely difficult if not impossible. Moreover, we do not see what purpose would be served by postponing adjudication of the government's right to forfeiture of the interest of the guilty spouse until this time, rather than adjudicating that issue when the evidence was still fresh.
 
 
 22
 Accordingly, we hold that the district court erred in dismissing the complaint in this case. On remand, the district court should determine whether Mr. Bernstein's interest is subject to forfeiture irrespective of Mrs. Bernstein's innocent owner defense. If the court decides that it is, the court should enter an order forfeiting that interest but preserving Mrs. Bernstein's right to full and exclusive use and possession of the property during her life, her protection against conveyance of or execution by third parties upon her husband's former interest, and her survivorship right.
 
 
 
 *
 Hon. William J. Nealon, Jr., Senior United States District Judge for the Middle District of Pennsylvania, sitting by designation
 
 
 [1]
 The district court refused to stay its order, and the government did not seek a stay from this court
 
 
 [2]
 We reject the Bernsteins' argument that we lack jurisdiction to hear this appeal because the district court's judgment was not stayed pending appeal. In United States v. $1,322,242.58, 938 F.2d 433 (3d Cir.1991), we refused to accept a similar argument advanced by the government. We noted that appellate jurisdiction is preserved so long as the res remains within the district and the court retains the ability to enter a judgment of forfeiture. Id. at 437. Here, the real property obviously remains within the district, and the Bernsteins have not pointed to any reason why a judgment of forfeiture against Mr. Bernstein's interest could not now be entered
 
 
 [3]
 This is a question of law subject to plenary review. See United States v. 92 Buena Vista Avenue, 937 F.2d 98, 100 (3d Cir.1991)