**UNITED STATES of America, Plaintiff,**

v.

**Jack M. LEE, Defendant.**

**No. 93–10075.**

United States District Court, C.D. Illinois.

July 22, 1998.

Thomas Iben, Peoria, IL, Neil J. Bruntrager, St. Louis, MO, Michael A. Gross, St. Louis, IL, for Jack M. Lee.

Jennifer M. Tobin, Solomon & Benedict, P.A., Tampa, FL, for Amsouth Bank of Florida.

Mark A Feldman, Law Offices of Mark A Feldman, Venice, CA for Margaret B. Lee.

Darilynn J. Knauss, U.S. Atty., Peoria, IL, Esteban F. Sanchez, U.S. Atty., Springfield, IL, for U.S.

## ORDER

MIHM, Chief Judge.

This matter is now before the Court on Claimant, Margaret B. Lee's ("Mrs.Lee"), Motion to Dismiss the Government's action to forfeit any or all of her interest in the property located at 915 Pecten Court, Sanibel, Florida. For the reasons set forth herein, the Motion to Dismiss [# 244] is GRANTED IN PART and DENIED IN PART.

### Background

Jack Lee ("Mr.Lee"), the Defendant in this action, and Mrs. Lee were married on August 26, 1961, and remain married today. On January 10, 1997, Mr. Lee entered a guilty plea to charges of fraud and money laundering. The plea agreement also provided for the forfeiture of $337,000.00 to the United States, and a Preliminary Order of Forfeiture was entered. The Government then notified the Court that it could not locate the sum of $337,000.00 among Mr. Lee's disclosed assets and sought approval to enforce the judgment of forfeiture against substitute property, including the real estate located at 915 Pecten Court, Sanibel, Florida.[1] Accordingly, the Court entered an Amended Preliminary Order of Forfeiture and directed the Government to send the required notice to all persons claiming to have an interest in the substitute assets.

Mrs. Lee filed a claim to prevent the forfeiture of her interest in the residence at 915 Pecten Court. In support of her claim, she argues that the property in question was purchased and has been held at all times as a tenancy by the entireties, and under Florida law, her interest in the property cannot be severed from that of her husband for purposes of criminal forfeiture. Thus, Mrs. Lee asserts that any forfeiture of her husband's interest in their home would necessarily cause the forfeiture of her interest as well, which is prohibited under the protections afforded innocent spouses by federal law. The Government responds that Mr. Lee's interest in 915 Pecten Court is severable and forfeitable because their tenancy by the en-

---

1. There is no evidence that this property was either involved in or directly purchased with the proceeds of Mr. Lee's illegal activities.

tireties was destroyed when the Lees entered into a January 3, 1995 agreement in which Mr. Lee mortgaged his share in the Pecten Court property to Mrs. Lee in return for a loan of $40,000.00. This Order follows.

## Discussion

■ The extent of an individual's interest in property subject to forfeiture is determined according to state property law. *United States v. Ben–Hur,* 20 F.3d 313, 317 (7th Cir.1994). Consequently, there is no dispute that since the 915 Pecten Court property is located in Florida, Florida law governs the inquiry into the status of the Lees' interests in the property.

■ Under Florida law, five unities must be present to maintain a tenancy by the entireties:

> marriage—the joint owners must be married to each other; title—the owners must both have title to the property; time—they both must have received title from the same conveyance; interest—they must have an equal interest in the whole of the property; and control or possession—they both must have the right to use the entire property.

*United States v. One Single Family Residence with Out Buildings Located at 15621 S.W. 209th Avenue, Miami, Florida,* 894 F.2d 1511, 1514 (11th Cir.1990), *citing Andrews v. Andrews,* 155 Fla. 654, 21 So.2d 205, 206 (Fla.1945). As long as these five unities remain intact, "each spouse's interest comprises the whole or entirety of the property and not a divisible part; the estate is inseverable." *Id.* However, should any of these unities cease to exist, there is no longer an entireties estate but rather a tenancy in common, which is freely alienable and may be partitioned.

Once property is held as a tenancy by the entirety, courts have recognized the termination of the tenancy only under certain circumstances. In these cases, tenancies by the entireties have been found to convert to tenancies in common where the instrument creating the estate grants a time-limited interest, where one spouse transfers his interest to the other spouse so that she then holds the property in fee simple, where the spouses

reconvey the property to themselves as tenants in common, where one spouse dies, where the couple divorces, or where one spouse murders the other. *Id.* at n. 2. *See also In re Werner Koesling,* 210 B.R. 487, 489 (Bkrtcy.N.D.Fla.1997) (finding that "the only way the tenancy can be terminated is if both spouses convey the property, one spouse dies, one spouse conveys the property to the other spouse, or they divorce").

■ Here, the Government argues that by granting Mrs. Lee a security interest in his share of the property at 915 Pecten Court to secure a $40,000.00 loan, Mr. Lee destroyed the fourth unity by giving Mrs. Lee a greater interest in the property. This case presents a rather unique factual scenario with respect to which neither party has supplied, and the Court has not otherwise uncovered, relevant authority precisely on point.

Of the situations in which tenancies by the entireties have been found to be severed under Florida law, the only situation which is even arguably close is one in which one spouse transfers his interest to the other spouse so that she then holds the property in fee simple. However, the facts of this case do not fit comfortably within that framework. There is nothing in the record indicating that Mr. Lee gave Mrs. Lee an actual, fee simple interest in the 915 Pecten Court property or entered into any present contractual termination of the entireties estate. Rather, it would appear that she received only a security interest or expectancy in Mr. Lee's share of the property that would not actualize to terminate the estate unless she foreclosed on the mortgage in the event of default. *See Jonas v. Logan,* 478 So.2d 410, 411 (Fla.Dist.Ct.App.1985) (holding that an agreement to contractually terminate an entireties estate by conveyance at a later date did not constitute a change in the status of the property prior to the actual date of the conveyance.)

In *Kinney v. Mosher,* the First District Court of Appeal of Florida concluded that a conveyance to a third party of a mortgage to secure a loan and subsequent reconveyance in satisfaction of the mortgage "could not operate to destroy the existing estate by the entireties by which the parties held title to the disputed property prior to the mortgage

deed." 100 So.2d 644, 646 (Fla.Dist.Ct.App. 1958). While the facts in *Kinney* are slightly different from those currently before the Court, they are sufficiently analogous that when considered in light of the principles set forth in *Jonas,* the Court concludes that under Florida law, the Lees' tenancy by the entireties was not destroyed by the mortgage transaction in and of itself. Thus, the Court finds that the Lees continue to hold the property located at 915 Pecten Court as tenants by the entireties and rejects the Government's argument to the contrary.

■ However, that does not end the discussion. The Court is presented with a conflict between an innocent tenant by the entirety's legitimate interest in certain real estate and the Government's equally legitimate interest in recovering the proceeds of criminal activity, or in this case, property identified as a substitute asset for such proceeds when the proceeds themselves cannot be located. Both interests are strong and are not easily reconciled. As the issue of forfeitability is governed by federal law rather than state law, and neither the Seventh Circuit Court of Appeals nor the United States Supreme Court have addressed this specific issue of resolving a conflict between state property rights and federal forfeiture law, the Court will look to the decisions of other circuits for guidance.

In *One Single Family Residence,* the Eleventh Circuit acknowledged that the interest of the wrongdoing spouse could be forfeited, but reasoned that since the innocent spouse was entitled to retain her interest in the subject property, and her interest in the property as a tenant by the entireties constituted an indivisible interest in the whole, no interest in the entireties property was available to be forfeited to the Government. 894 F.2d at 1515–16. Thus, the court essentially found that an innocent owner defense bars a forfeiture action against property held as tenants by the entireties. *Id. See also United States v. 35 Acres, More or Less, in Cherokee County, North Carolina,* 940 F.2d 654, 1991 WL 154348, at *2 (4th Cir. 1991) (adopting the reasoning in *One Single Family Residence* in holding that property held as tenants by the entireties prevents an immediate forfeiture to the Government.)

The Third Circuit took a somewhat different approach in *United States v. Parcel of Real Property Known as 1500 Lincoln Avenue,* 949 F.2d 73 (3rd Cir.1991). In that case, the Third Circuit attempted to strike a balance between the property interest of an innocent spouse as a tenant by the entireties and the interest of the Government in the immediate forfeiture of property used by the wrongdoing spouse in illegal drug activity. *Id.* at 77. In so doing, the court found that while the Government was entitled to the immediate forfeiture of the wrongdoer's interest in the entireties property, the innocent spouse was entitled to retain "full and exclusive use of the property during her life, protection against any alienation without her consent or any attempt to levy upon her husband's former interest, and the right to obtain title in fee simple absolute if her husband predeceases her." *Id.* Under this outcome, the innocent owner retains exclusive use and possession of the property during her lifetime, as well as the other protections that accompany a tenancy by the entireties, while simultaneously promoting the Government's ability to obtain the forfeitable interest of the guilty spouse without the substantial procedural difficulties that could arise if it was forced to conduct a second forfeiture proceeding years later. *Id.; see also United States v. Certain Real Property at 2525 Leroy Lane,* 910 F.2d 343, 350–51 (6th Cir.1990) (finding that the interest of a tenant by the entireties is functionally equivalent to a life estate with a right of survivorship that converts the estate into a fee simple absolute upon the death of the other spouse.)

After careful consideration and review, the Court finds the approach derived by the Third Circuit in *Parcel of Real Property* to be persuasive. Although the facts in that case are slightly different from those involved here, the court's approach regarding the competing interests is nevertheless compelling, as it preserves the legitimate interest of the Government under the forfeiture statute and prevents Mr. Lee from receiving any benefit from the property until his debt to the Government has been satisfied without

fundamentally altering the essential property rights and characteristics of ownership bestowed upon Mrs. Lee under the entireties estate.[2] Thus, the Court concludes that the Government is entitled to the forfeiture of Mr. Lee's interest in the entireties property located at 915 Pecten Court to the extent of the $337,000.00 that he agreed to forfeit in his plea agreement, but that in respect to the Government's forfeiture order Mrs. Lee may retain full and exclusive use of the property during her life, with protection against any alienation without her consent or any attempt to levy upon her husband's former interest, and the right to obtain title in fee simple absolute should Mr. Lee predecease her.

As to the claim by AmSouth Bank of Florida that it has an interest superior to that of the Government in the residence at 915 Pecten Court, the Court finds that since this ruling does not authorize any involuntary partition of the property, alter Mrs. Lee's right of survivorship, or otherwise divest her of any of the interests that she would otherwise have during her lifetime as a tenant by the entireties, any question regarding the superiority of AmSouth Bank's claim is premature.

### Conclusion

For the reasons set forth herein, Mrs. Lee's Motion to Dismiss [# 244] is DENIED IN PART to the extent that the Court finds that Mr. Lee's interest in the property at 915 Pecten Court is immediately forfeitable to the Government and GRANTED IN PART to the extent that the Court finds that she is entitled to the full and exclusive use of the property during her lifetime, as well as the specific protections enumerated previously in this Order. As a result of this ruling, the Court further finds AmSouth Bank of Florida's Petition Objecting to Order of Forfeiture and Seizure [# 248] MOOT.

---

2. The Court notes that despite the fact that the Eleventh Circuit reached a contrary result in *One Single Family Residence,* the court did not find that the interest of the wrongdoing spouse was not forfeitable due to the peculiarities of state property law. 894 F.2d at 1516 n. 5.